Commonwealth ex rel. Bishop, Appellant, *v.*
Maroney.

Argued May 23, 1955. Before STERN, C. J., STEARNE,
JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Walter L. Bishop,* appellant, in propria persona.

*John W. Mentzer,* District Attorney, for appellee.

OPINION PER CURIAM, June 27, 1955:
Relator, convicted of second degree murder in Ful-
ton County in 1950, was sentenced to the Western
State Penitentiary for a term of not less than 10 nor
more than 20 years. Since then he has filed several
petitions for writs of habeas corpus in the Court of
Common Pleas of Fulton County and in the United
States District Court for the Western District of Penn-
sylvania, all of which were dismissed.

On relator's present petition for a writ of habeas corpus the court issued a rule on the District Attorney to show cause and fixed a time for hearing thereon. The court appointed counsel to represent relator at the hearing but relator asked that the appointment be revoked and that he be permitted to plead his own case; this request was granted although at the hearing relator did have several conferences with the attorney. Relator contended that the Commonwealth had introduced evidence at the trial which it knew to be false, but the court found, and was justified in finding, that there was no evidence to support such a charge. Relator also claimed that evidence vital to his defense had been knowingly suppressed by the Commonwealth, but the court properly found that this charge likewise was wholly unsupported by the evidence. Relator contended that he was denied the right to subpoena some 27 witnesses, the list including five State policemen, the District Attorney serving at the time of the trial, one of the defense counsel, the Justice of the Peace before whom the charge had been laid, the coroner, the sheriff and his wife, two expert witnesses who had testified for the Commonwealth, four of the jurors who heard the case, a game warden who assisted the State police, and several witnesses who testified at the trial. The Prothonotary issued the subpoenas but they were not served; however, several of these persons were in court at the time of the hearing but were not called by relator. The court, evidently being of opinion that the Commonwealth should not be compelled at its own cost to have the subpoenas served unless there was some prior showing of how the proposed testimony would be relevant, called upon relator for an offer of proof. Relator then advanced a number of contentions aimed to show that testimony at the trial was false and that he should not have been convicted; all mat-

ters thus presented were obviously not the subject of consideration in a habeas corpus proceeding and accordingly the court properly discharged the rule to show cause why the writ should not issue and dismissed relator's petition.

The order of the court is affirmed.