UNITED STATES of America ex rel.
Walter L. BISHOP, Appellant,

v.

COMMONWEALTH OF PENNSYL-
VANIA and Frank C. Johnston, War-
den, Western State Penitentiary, Pitts-
burgh, Pa.

No. 11847.

United States Court of Appeals
Third Circuit.

Submitted April 17, 1956.
Decided May 11, 1956.

Walter L. Bishop, pro se.

John W. Mentzer, McConnellsburg,
Pa., for respondent.

Before GOODRICH, KALODNER and
HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a judgment of
the District Court for the Western Dis-
trict of Pennsylvania denying relator's
petition for habeas corpus.

▇ Walter Bishop, the relator here,
was convicted in the state court of Oyer
and Terminer of Fulton County, Penn-
sylvania, of the charge of murder in the
second degree in 1950. No appeal from
the judgment of conviction was taken.
But, as stated hereafter, the relator has
asked for habeas corpus in the state
courts as well as in the federal court.
The failure to appeal the conviction does
not preclude his application for habeas
corpus although the habeas corpus pro-
ceedings must not be used as a substitute
for appeal. Brown v. Allen, 1953, 344

U.S. 443, 485, 486, 73 S.Ct. 397, 97 L.Ed. 469; United States ex rel. Master v. Baldi, 3 Cir., 1952, 198 F.2d 113.

Following his conviction and incarceration in prison, the relator has filed three petitions for habeas corpus in Fulton County. The first was filed December 18, 1951. The writ was denied and that case taken to the Supreme Court of Pennsylvania. The relator was there represented by counsel as he was at the original trial. The judgment of the Court of Common Pleas was affirmed in Commonwealth ex rel. Bishop v. Claudy, 1953, 373 Pa. 523, 97 A.2d 54. No petition was filed for certiorari to the Supreme Court of the United States.

The second petition for habeas corpus was filed September 16, 1953. This was dismissed on November 13, 1953. Appeal to the Supreme Court of Pennsylvania was not perfected.

March 26, 1954, Bishop filed a petition for writ of habeas corpus in the United States District Court for the Western District of Pennsylvania. The petition was denied. It is stated that a petition for certificate of probable cause was mailed to Chief Judge Biggs of this Court on May 26, 1954. We have no record of any action thereon.

The third petition for writ of habeas corpus filed in the Court of Common Pleas of Fulton County, Pennsylvania, was begun August 7, 1954. Since the relator alleged facts attacking the conviction as secured in violation of his constitutional rights he was given a hearing by the judge of that court. The petition was denied and the denial affirmed by the Supreme Court of Pennsylvania in Commonwealth ex rel. Bishop v. Maroney, 1955, 382 Pa. 324, 114 A.2d 906, certiorari denied, 1955, 350 U.S. 917, 76 S.Ct. 203.

This is not a case where a friendless man accused of crime has been railroaded into jail. Even at the last hearing on habeas corpus the relator was represented by counsel until he requested that counsel be dismissed from the case. After that, the record shows that he consult-ed with counsel during the hearing which he conducted himself. Following each habeas corpus hearing in the Fulton County court Judge Sheely, of that court, wrote an opinion carefully discussing each of the relator's points and giving his reasons for denial. These opinions have been available to us but, unfortunately, are not published so that we may give an official citation thereto. At the last hearing Judge Sheely, with commendable patience, assisted the relator in getting his questions to witnesses after Bishop had discarded his counsel and decided to go it alone.

The homicide was one which took place following a violent quarrel between two brothers. Bishop is charged with having shot his brother with a shotgun. He claims that death occurred when the barrel of the gun burst. That the barrel did burst is not disputed. The prosecution's witnesses so said at the trial. Bishop charges the Commonwealth with having concealed evidence favorable to him. He says that the state failed to introduce three photographs of the dead man taken after the shooting by a state policeman. The Commonwealth answers that the photographs were in court and available to the defendant if he wanted them. The lawyer who represented the defendant (relator) at his trial testified at the last habeas corpus hearing that if the State had offered the photographs he would have objected on the ground that they were inflammatory and prejudicial to his client. An inspection of the photographs shows the objection would have been valid. The relator complains that there was one photograph of the decedent which was never shown which would have been favorable to him. He heard about this, he said, while the jury was deliberating following his trial. This question was gone into at the habeas corpus hearing and the person who was supposed to have told about the photograph denied ever having seen the photograph or having said anything to the relator about it. The relator complains that a garment belonging to him which was blood-soaked was not introduced in-

to testimony, although it tended to show that he and his brother had had a violent altercation before the shooting. But the garment was available had the defense called for it and no one has denied that the shooting came at the end of a violent quarrel.

All this plus other points too detailed to elaborate individually add up to the conclusion that this relator's rights have been carefully protected by competent counsel, when he would have it, and by the court when he chose to go without counsel. He has no ground for complaint.

The judgment of the district court will be affirmed.