Commonwealth ex rel. Bishop, Appellant, *v.* Maroney.

Submitted March 21, 1960.   Before JONES, C. J.,
BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Walter L. Bishop,* appellant, in propria persona.

*Frank P. Lawley, Jr.,* Deputy Attorney General,
and *Anne X. Alpern,* Attorney General, for Common-
wealth, appellee.

OPINION BY MR. JUSTICE BOK, April 18, 1960:

As President Judge SHEELY, of the court below,
said, this is at least the sixth petition for a writ of ha-
beas corpus filed by the relator.   It also marks the
third appearance of the case before us: see *Com. ex rel.
Bishop v. Claudy,* 373 Pa. 523 (1953), 97 A. 2d 54;
*Com. ex rel. Bishop v. Maroney,* 382 Pa. 324 (1955),
114 A. 2d 906.   Relator has also essayed the Federal
Courts, and certiorari has twice been denied by the
Supreme Court of the United States.   He has filed two
unsuccessful applications with the Pardon Board.
Judge SHEELY, in a long and carefully wrought opin-
ion, has again denied relief.

Relator was found guilty of second degree murder
on October 7, 1950, and received a sentence of ten to
twenty years in the Western State Penitentiary.

He lists eight reasons in support of his petition. The first four concern the trial, and under long familiar principles a writ cannot be used as a substitute for an appeal: *Com. ex rel. Elliott v. Baldi,* 373 Pa. 489 (1953), 96 A. 2d 122; *Com. ex rel. Norman v. Banmiller,* 395 Pa. 232 (1959), 149 A. 2d 881. Relator's contention that this rule has been relaxed is erroneous. The last four reasons concern matters presented at the full and complete hearing given relator on his petition for a writ filed in 1954. Some of relator's arguments concern matters already adjudicated and hence will not be reconsidered now: *Com. ex rel. Banks v. Claudy,* 370 Pa. 190 (1952), 88 A. 2d 53.

The new matter in the present petition charges that the prosecuting officers substituted false evidence after trial and introduced it at the hearing in 1954. It adds that Judge SHEELY was prejudiced because he was interested in upholding his judgment of sentence and was therefore "forced" to countenance the altered evidence.

We have carefully considered the case and find no merit in it. The new matter does not affect the trial; it was not mentioned in the relator's former appeal to this Court or in his application to the Federal Courts; and as Judge SHEELY said of it and of the allegation that he based his opinion on fraudulent evidence substituted after trial, "an examination of the record discloses that this is not correct." Nor has there been a timely application for a rehearing on the 1954 petition. The material now offered cannot survive the suspicion that it is mere afterthought.

The order is affirmed.