## Commonwealth ex rel. Roseborough v. Myers

*Samuel Roseborough*, p. p., relator.

*Charles J. Bogdanoff*, Assistant District Attorney, for Commonwealth.

WATERS, J., August 19, 1963.—Petitioner has appealed from this court's order dated June 17, 1963, dismissing his petition for a writ of habeas corpus. This opinion is therefore filed in accordance with and pursuant to the mandate set forth in Superior Court Rule No. 46.

The petitioner sets forth broad general allegations that he was arrested in violation of the Fourth and Fourteenth Amendments of the United States Constitution and articles 1 and 9 of the Pennsylvania Constitution. He contends that the preliminary proceedings against him were improper because he was not properly confronted with complainants; that identification of him was improperly caused because he was the only person viewed. He also alleges in addition, an unlawful search and seizure without a proper warrant, and that his counsel failed to make timely motions to suppress illegally obtained evidence; and that the "trial testimony concerning identification characteristics was, on the whole, contradictory and unreliable;" and that his alibi testimony should have been accepted and believed.

The record shows that the defendant was tried without a jury before the Honorable William J. Cullen on May 4, 1962, on an indictment charging him with aggravated robbery as of October sessions, 1961, no. 1656. He was sentenced to a term of 5 to 12 years. On a companion bill no. 1657, charging him with carrying

a concealed deadly weapon and unlawfully carrying a firearm without a license, he pleaded guilty and sentence was suspended. Petitioner filed an earlier petition for a writ of habeas corpus as of Court of Common Pleas No. 6, December term 1962, no. 1737, which was dismissed by the Honorable Leo Weinrott on January 28, 1963. The questions raised in the instant petition are the same as those raised in the earlier petition and, indeed, they are stated in substantially the same or identical language. It is clear that the same questions cannot be presented in successive writs of habeas corpus; the remedy available is to appeal from the initial denial of a petition: Commonwealth ex rel. Dandy v. Myers, 409 Pa. 419 (1963), wherein the Supreme Court refused to entertain the same questions on successive appeals.

We also considered the merits of the allegations set forth in the petition and it is clear that none of these matters are now cognizable; the writ of habeas corpus is not a substitute for appeal: Commonwealth ex rel. Sampson v. Banmiller, 406 Pa. 147, 149 (1962); Commonwealth ex rel. Johnson v. Myers, 402 Pa. 451, 453, 167 A. 2d 295 (1961), cert. den. 366 U. S. 921, 6 L. Ed. 2d 243, 81 S. Ct. 1099 (1961) ; Commonwealth ex rel. Bishop v. Marony, 399 Pa. 208, 210, 159 A. 2d 893 (1960), cert. den. 364 U. S. 846, 5 L. Ed. 2d 70, 81 S. Ct. 89 (1961). Petitioner has not stated any facts to support his contention that his arrest was illegal; but in any event, such a preindictment error would not be reviewable by way of application for the writ of habeas corpus. In Commonwealth ex rel. Clark v. Maroney, 199 Pa. Superior Ct. 552 (1962), the court ruled that a contention that a relator was subjected to an illegal search and seizure is a matter which should be presented by way of defense and which is reviewable on appeal; it is not cognizable by way of habeas corpus. After a defendant has been heard and convicted at a proper and fair trial, the existence of possible pre-

trial errors, such as those affecting arrest, cannot be asserted in a proceeding by way of habeas corpus to secure his release. See Commonwealth ex rel. Stoner v. Myers, 199 Pa. Superior Ct. 341, 346, 185 A. 2d 802 (1962); Commonwealth ex rel. Spencer v. Ashe, 364 Pa. 442, 445, 71 A. 2d 799 (1950); Jones v. Attorney General of the United States, 278 F. 2d 699, 701.

Petitioner's contention that he was not confronted by his accusers in preliminary proceedings is without merit; he certainly was confronted by all witnesses at the trial. As to the final contention that the Commonwealth's evidence was insufficient or unsatisfactory, this application for a writ of habeas corpus cannot be used as a substitute for appeal for the purpose of securing a review of alleged trial errors or a review of the sufficiency of the evidence: Commonwealth ex rel. McDonnell v. Rundle, 200 Pa. Superior Ct. 362 (1963).

For the foregoing reasons, we dismissed the petition for a writ of habeas corpus.