STATE OF TENNESSEE ex rel. ROBERT E. RICHMOND, Petitioner,

*v.*

C. MURRAY HENDERSON, Warden, Respondent.

439 S.W.2d 263.

(*Nashville,* December Term, 1968.)

Opinion filed March 26, 1969.

GEORGE W. MCHENRY, JR., Murfreesboro, for petitioner.

GEORGE F. MCCANLESS, Attorney General, and THOMAS E. Fox, Deputy Attorney General, Nashville, and HARRY C. TEMPLETON, Winchester, District Attorney General, for respondent.

M<span style="font-variant:small-caps">R</span>. J<span style="font-variant:small-caps">USTICE</span> H<span style="font-variant:small-caps">UMPHREYS</span> delivered the opinion of the Court.

Richmond petitioned the Circuit Court Judge of Franklin County for the writ of habeas corpus on the ground his pleas of guilty in two cases of burglary were induced by improper advice given him by privately retained counsel, and upon other grounds. The petition was summarily dismissed by that court on the ground the facts stated would not void the judgments under either the State or Federal Constitution. *State ex rel. Reed v. Heer,* 218 Tenn. 338, 403 S.W.2d 310.

On appeal, the Court of Criminal Appeals reversed, holding the allegations raised a substantial constitutional question: whether or not the facts alleged made a case of denial of the benefit of counsel by reason of petitioner's counsel affirmatively misleading him into making pleas of guilty on false representations of fact. We granted

certiorari because of the importance of the question: just what character of conduct by retained counsel in advising and counseling a plea of guilty would result in a void judgment.

Petitioner's rights, if any, flow from the federal constitutionally guaranteed right to counsel. *Avery v. Alabama,* 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940). So, while an allegation of affirmative misconduct superficially excites more judicial interest and investigation, still, the question remains whether under the facts there has been a denial of federal due process by ineffective representation; representation of the kind resulting in a void judgment.

The standard applied by the overwhelming majority of federal courts in considering this question is stated as follows:

"Incompetency of counsel such as to be a denial of due process and effective representation by counsel must be such as to make the trial a farce, sham, or mockery of justice."

Representative recent cases listed by circuits approving and adopting this test are: *United States ex rel. Machado v. Wilkins,* 351 F.2d 892 (2d Cir. 1965); *United States ex rel. Boucher v. Reincke,* 341 F.2d 977 (2d Cir. 1965); *United States ex rel. Cooper v. Reincke,* 333 F.2d 608 (2d Cir.), cert. denied, 379 U.S. 909, 85 S.Ct. 205, 13 L.Ed. 2d 181 (1964); *United States v. Gonzalez,* 321 F.2d 638 (2d Cir. 1963); *United States v. Wight,* 176 F.2d 376 (2d Cir. 1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950); *In re Ernst's Petition,* 294 F.2d 556 (3d Cir.) cert. denied, 368 U.S. 917, 82 S.Ct. 198, 7 L.Ed.

2d 132 (1961); *James v. Boles*, 339 F.2d 431 (4th Cir. 1964); *Snider v. Cunningham*, 292 F.2d 683 (4th Cir. 1961), cert. denied, 375 U.S. 889, 84 S.Ct. 154, 11 L.Ed.2d 119 (1963); *Snead v. Smyth*, 273 F.2d 838 (4th Cir. 1959); *Lotz v. Sacks*, 292 F.2d 657 (6th Cir. 1961); *O'Malley v. United States*, 285 F.2d 733 (6th Cir. 1961); *Lunce v. Overlade*, 244 F.2d 108, 74 A.L.R.2d 1384 (7th Cir. 1957); *United States ex rel. Feeley v. Ragen*, 166 F.2d 976 (7th Cir. 1948); *Mitchell v. Stephens*, 353 F.2d 129 (8th Cir. 1965); *Audett v. United States*, 265 F.2d 837 (9th Cir. 1959), cert. denied, 361 U.S. 815, 80 S.Ct. 54, 4 L.Ed.2d 62 (1959); *Cofield v. United States*, 263 F.2d 686 (9th Cir. 1959); *Application of Hodge*, 262 F.2d 778 (9th Cir 1958); *Taylor v. United States*, 238 F.2d 409 (9th Cir. 1956), cert. denied, 353 U.S. 938, 77 S.Ct. 817, 1 L.Ed.2d 761 (1957); *Latimer v. Cranor*, 214 F.2d 926 (9th Cir. 1954); *Mitchell v. United States*, 104 U.S. App.D.C. 57, 259 F.2d 787, cert. denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958); *Jones v. Huff*, 80 U.S.App.D.C. 254, 152 F.2d 14 (1945); *Diggs v. Welch*, 80 U.S.App.D.C. 5, 148 F.2d 667, cert. denied, 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002 (1945).

This rule has been applied to any number of situations arising in a criminal case, including that situation involving the advice or urging of defense counsel for the defendant to enter a plea of guilty. In cases in which this exercise of judgment by counsel (that of urging a defendant to enter a plea of guilty) has been attacked, it has uniformly been held that this is not a ground for invalidating the judgment. *Davis v. Bomar*, 344 F.2d 84 (6th Cir.), cert. denied, 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124 (1965); *Application of Hodge*, 262 F.2d 778 (9th Cir. 1958); *Shepherd v. Hunter*, 163 F.2d 872 (10th

Cir. 1947); *Crum v. Hunter,* 151 F.2d 359 (10th Cir. 1945), cert. denied, 328 U.S. 850, 66 S.Ct. 1117, 90 L.Ed. 1623; *Diggs c. Welch,* 80 U.S.App.D.C. 5, 148 F.2d 667, cert. denied, 325 U.S. 889, 65 S.Ct. 1567, 89 L.Ed. 2002.

In *United States of America ex rel. Wilkins v. Banmiller, Warden, State Correctional Institution, Philadelphia, Pennsylvania,* 205 F.Supp. 123 (D.C. 1962), involving a petition for a federal writ of habeas corpus by a state prisoner, it was alleged among other things that the state conviction was void because relator's counsel coerced and fraudulently induced the plea of guilty upon a misrepresentation that a deal had been made. Concerning this, that court said:

"Relator's conviction stems from a shooting which he claims was accidental. During an argument at a bar, Wilkins claims to have seen one of the participants pull out a gun. Wilkins then drew a gun which discharged, he says, when someone knocked into his arm. The only witness to this phase of the events merely saw the gun pointed up in the air immediately after it was fired. After he was arrested, Wilkins pleaded not guilty. His family hired an attorney, one Hardin, who visited relator in jail on several occasions. Wilkins maintained that the shooting was accidental and insisted that he would not plead guilty, but counsel finally prevailed upon relator to change his plea. During this time relator claims he tried to discharge his attorney because of the disagreement as to his plea. His mother convinced him to continue with Hardin, since she had already paid him $500 and could not afford to hire another lawyer.

"The attorney told relator, and we believe this part of the testimony, that there was no first degree murder, and that he had arranged the matter with the District Attorney and with the court so that Wilkins would receive a light sentence if he pleaded guilty. Both relator and his mother testified to such conversations. The attorney also told Wilkins that he had interviewed the witnesses and their testimony would convict him. They would testify, according to the lawyer, that they saw Wilkins deliberately pull the gun and shoot the victim. These witnesses testified at our hearing that they never saw the attorney until the morning of the trial. We accept relator's version of these facts.

"[12] On the day of the trial, relator withdrew his plea of not guilty and entered a plea of guilty. Under Pennsylvania law, a plea of guilty to murder is a plea of guilty generally. A hearing is then held by the court to determine the degree of guilt. The burden is on the Commonwealth to establish that the offense was in the first degree: *Commonwealth ex rel. Dandy v. Banmiller*, 397 Pa. 312, 155 A.2d 197 (1959). As we have noted, after petitioner's hearing, the court found him guilty of murder in the first degree and sentenced him to life imprisonment.

"[13] Relator now complains that the actions of his attorney deprived him of due process. Mere inappropriate advice to plead guilty is not of constitutional dimensions: *Richardson v. Baldi*, 139 F.Supp. 928 (M.D.Pa., 1956). This is so where the choice made by the defendant is voluntary and with knowledge of the possible consequences, and despite the fact that counsel misrepresented the fact that a deal had been made for a light sentence; *Thomson v. Huff*, 80 U.S.App.D.C.

165, 149 F.2d 842 (1945); *Dorsey v. Gill*, 80 U.S.App. D.C. 9, 148 F.2d 857 (1945). 'A mere disappointed expectation of great leniency does not vitiate a plea'. *Monroe v. Huff*, 79 U.S.App.D.C. 246, 145 F.2d 249 (1944). In the cited cases there were no allegations that any part was taken in the misrepresentation by anyone other than the prisoner's attorney, and this fact was noted by the court in *Dorsey v. Gill*, supra, 148 F.2d at 876.

"We are, it is true, concerned here with more than inappropriate advice to plead guilty, and with more than a promised light sentence. As we view this case, the significant fact is the deliberate misrepresentation by the attorney of the prospective testimony of certain witnesses. But the due process standard is solely whether or not the state played any part in the wrong done the accused.

"In *Application of Hodge*, 262 F.2d 778 (C.A.9, 1958) Judge Pope denied a certificate of reasonable cause applied for after the district court had denied a petition for writ of habeas corpus. It had been alleged in Hodge that a plea of guilty had been coerced by court appointed attorneys, and that these attorneys had refused to investigate the case. No federal question was found since none of the conduct complained of was known by or was the responsibility of the state or the judge who accepted his plea.

"[14] That responsibility on the part of the state must appear in order to constitute a denial of due process is also the law of this Circuit. In *United States ex rel. Darcy v. Handy*, 203 F.2d 407 (C.A.3, 1953), the court held that mishandling by counsel of trial tactics

**is not a denial** of due process unless such incompetence is so apparent as to call for intervention of the trial judge. This standard was adhered to recently in *In re Ernst's Petition*, 294 F.2d 556( C.A.3, 1961). There is 'a vast difference between lacking the effective assistance of competent counsel and being denied the right to have the effective assistance of competent counsel,' *Hudspeth v. McDonald*, 120 F.2d 962 (C.A.10, 1941) quoted with approval in *Darcy*, supra, 203 F.2d at 426.

"[15-17] At relator's trial there would have been nothing apparent to the court which would have indicated the underhanded method in which the attorney shirked his duty to his client and procured a guilty plea. The matters complained of here occurred prior to the trail and were unknown to the court of the prosecutor. On the facts before it, a plea of guilty was not so apparently unwarranted as to put the state on notice of any misconduct. Relator's trial may not have been a completely 'fair' one in the conceptualistic sense. However, intervention by this court requires that the denial of relator's rights be the doing of the state. There is no indication here that the state participated in any such denial, and the writ must be denied." 205 F.Supp. 126-128

This is also the rule in the Sixth Circuit. In *Davis v. Bomar*, 344 F.2d 84, C.C.A.6, 1965, that court said:

"When counsel is retained by defendant to represent him in a criminal case he acts in no sense as an officer of the state."

In the light of these authorities the allegations in the habeas corpus petition presented no grounds for voiding the judgments entered on the pleas of guilty.[1]

The judgment of the Court of Criminal Appeals is set aside, and the judgment of the Circuit Court of Franklin County is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.

---

[1] "* * * this petitioner's attorney request (sic) petitioner to sign some papers, telling this petitioner that, should he go to trial, instead of submitting a plea of guilty to each of the two charges of burglary, that the jury 'would convict him' and he (petitioner) would receive ten (10) years imprisonment instead of the two sentences of three (3) years of which the State's Attorney was offering to let him off with, in exchange for a submission on each of the two charges. And, through informing this petitioner that this (pleading guilty) was the only way to help his wife, the counsel of record misled this petitioner to believe that, if he pleaded guilty, that his wife would not be further prosecuted on the State's alleged charges of receiving and concealing stolen property. Whereupon, this petitioner signed a so called waiver to a jury trial, and a waiver of his right to appeal, all at the same time, before court commenced, and, with the understanding that his wife would not be further prosecuted. At which time the court commenced, and petitioner's trial proceedings took place, the petitioner's attorney informed the court that this petitioner was submitting to the State's charges against him. Thereupon, the judge proceeded to announce sentences, to be served concurrent, sentencing the petitioner to serve two; (3) years on each of the two (2) offenses, to run concurrently. Thus causing this petitioner to be sentenced to serve a total term of three (3) years imprisonment, in the Tennessee State Penitentiary."