## CLYDE SMITH, Appellant, v. STATE OF TENNESSEE, Appellee.

### 455 S.W.2d 636.

Court of Criminal Appeals of Tennessee. April 3, 1970.

Certiorari Denied by Supreme Court June 15, 1970.

William G. McPheeters, Dayton, for appellant.

David M. Pack, Atty. Gen., Arnold Peebles, Jr., Asst. Atty. Gen., Nashville, Harry C. Templeton, Dist. Atty. Gen., Winchester, for appellee.

### OPINION

RUSSELL, Judge.

This is an appeal from the dismissal without an evidentiary hearing of a petition seeking post-conviction

relief from a 1965 litigated conviction for murder in the first degree and resultant ninety-nine year penitentiary sentence. Smith was convicted of completely decapitating another man with a pocket knife. He was represented by retained counsel upon his trial, and by appointed counsel in the instant proceeding.

■ Although the petition and exhibits consist of some forty-five typewritten pages, the questions raised can be boiled down to two. First, it is contended that counsel, admittedly retained, had insufficient time to confer with Smith before the trial. This allegation is contradicted by the admitted fact of pre-trial employment, and by the implicit fact that the Court does not control the work conferences and schedules of employed counsel. No State action is involved. Nor is there any allegation that any objection was made to going to trial as scheduled, or any motion made for recesses or continuances, or prejudice resulting from the alleged lack of extensive attorney-client pre-trial conversations. There is no allegation of counsel incompetency. We hold that the first alleged ground for relief is inadequate. See State ex rel. Richmond v. Henderson, Tenn., 439 S.W.2d 263.

■ ■ An understanding of the second ground also tends to shed light and understanding upon the first, perhaps explaining why counsel did not confer at length with his client. It is strenuously contended that Smith was mentally incompetent when he committed this bloody crime. He had a history of chronic alcoholism and mental disorder, and was apparently an escapee from a State mental hospital when the crime was committed. There appears to have been little serious doubt but that he committed the killing.

The thrust of his complaint in this regard is that he was illegally and unconstitutionally prevented from introducing evidence of his insanity upon the trial. The case admittedly was appealed to and affirmed by our Supreme Court, and we judicially notice that in their opinion this very question was adjudicated.

He makes allegations and attaches exhibits which would seem to cast serious doubt upon his legal accountability at that time. This, however, disregards the fact that the trial itself was the proper forum for the determination of that issue. Admittedly the issue was therein raised; but it is claimed that an illegal conspiracy involving the trial judge and the prosecution resulted in rulings which kept his evidence from the jury. Admittedly the Supreme Court reviewed the conviction and affirmed it. He had retained counsel. He has had his appeal. It is not the function of a post-conviction proceeding to re-litigate issues of fact and law that have been properly litigated and laid to rest. T.C.A. § 40-3812. To hold otherwise would give eternal life to all trial questions.

We hold that no issues of fact were presented which required an evidentiary hearing, and affirm the judgment of the trial court.

MITCHELL and GALBREATH, JJ., concur.