JAMES C. SKINNER, Appellant, v. STATE OF
TENNESSEE, Appellee.—472 S.W.2d 903.

September 15, 1971.

Certiorari Denied by Supreme Court November 15, 1971.

Gary R. Gober, Nashville, for appellant.

David M. Pack, Attorney General, Thomas E. Fox, Deputy Attorney General, Nashville, for appellee.

RUSSELL, J. The appellant is incarcerated in the penitentiary under consecutive guilty-plea convictions for third degree burglary, entered while represented by retained counsel.

He has filed a post-conviction petition in which he seeks to void his convictions, because, he says:

(1) Before his trial he was severely beaten by police officers, suffering head injuries, as a result of which he has had and continues to have lapses of memory and blackout spells.

(2) When he entered his second guilty plea, he was allowed only five minutes to confer with counsel, was threatened with a long prison term by the prosecuting attorney, was not advised of his right of appeal and no appeal was taken, and the presiding Judge was a political friend of his attorney (who is indirectly accused of suppressing the facts and secreting witnesses favorable to the defense and being incompetent).

(3) That his guilty pleas were not intelligently made, as he did not know what he was doing because of his head injuries, and that he was not responsible

for what he did or said then, and that he was denied needed medical treatment.

The trial judge dismissed the petition without the appointment of counsel or an evidentiary hearing or awaiting any responsive pleading by the State, attaching to the order of dismissal written waivers of jury trials, pleas of guilty and waivers of appellate review, and holding:

"The Court is of the opinion that the record speaks for itself as to the voluntariness and the understanding of the pleas of guilty. The incompetency of privately employed counsel cannot be relied upon with one single exception, which does not exist here.

"Therefore, the petition shows no merit on its face and is accordingly dismissed."

Counsel appointed to represent Skinner on this appeal submits the matter to this court. The State insists that the petition should be dismissed because the petitioner had retained counsel.

We believe that the trial court erred in not appointing counsel and having an evidentiary hearing conducted. It appears that Hon. Raymond H. Leathers, Judge, took the first plea; and Hon. John L. Draper, Judge, the second.

We do not believe that the bare portions of the technical record of the guilty-plea convictions attached to the trial judge's order of dismissal sufficiently answer and as

a matter of law conclusively rebut some of the allegations of the petition.

We believe that petitioner has presented an issue of fact as to whether or not his pleas were knowingly and understandingly entered, and as to whether or not his attorney suppressed facts and secreted witnesses favorable to his defense. (Even though his attorney was retained, if he really did such a thing we would all have to agree that petitioner should have new trials.)

At this juncture in the case, it is not for us to judge facts. We must accept that alleged as true, unless clearly contrary to what has already been adjudicated. We have no right to dismiss a petition simply because it makes an attack upon a prominent member of the bar, however unlikely it may be that the allegations could be true. Nor can we, or the trial judge, say that the petitioner knew and understood what he was doing simply because he did it, in the face of his sworn statement now that he did not know. These issues of fact will have to be decided by a trial judge, and specific findings made thereon.

We reverse and remand this case. If the State's responsive pleading joins issue on the facts alleged, then an evidentiary hearing must be had.

Mitchell, J., concurs.

Dwyer, J. (dissenting).

I must respectfully dissent from my colleagues in remanding this cause for an evidentiary hearing.

The petitioner makes certain allegations in his petition which may be summarized thusly: His attorney was ineffective.

The record reflects, as found by the trial court in its order of dismissal, that petitioner through retained counsel executed waiver forms wherein he waived the right to trial by jury and waived appeal. He executed guilty plea forms which reflect his awareness of his pleas and their consequences. As this all may be, our law is well settled that acts or non-acts of retained counsel are not imputable to the State. See Morgan v. State, Tenn.Cr. App., 445 S.W.2d 477, 479. The only absolution that the law has decreed from this rule is when the representations of retained counsel make the proceedings a farce and a mockery of justice. See Scott v. United States, 334 F.2d 72, 73 (C.A. 6th), cert. denied, 379 U.S. 842, 85 S.Ct. 81, 13 L.Ed.2d 48. It appears to the author of this dissent that the allegations of fraud pertaining to petitioner's retained counsel have been put to rest by our Supreme Court in State ex rel. Richmond v. Henderson, 222 Tenn. 597, 439 S.W.2d 263. In other words, we reiterate there is no constitutional deprivation attributable to "State action" alleged in his petition under State v. Henderson, *supra,* which commands an evidentiary hearing.

The majority accurately summarized the contentions that may be found in his petition. Under the retained-counsel rule his petition must fall for lack of constitutional deprivation as required by T.C.A. sec. 40-3805. I would affirm the dismissal of the petition by the learned judge.