**James Earl RAY, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Feb. 24, 1972.

Certiorari Denied by Supreme Court
May 1, 1972.

Bernard Fensterwald, Jr., Washington, D. C., Richard J. Ryan and Robert I. Livingston, Memphis, for appellant.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Lloyd A. Rhodes and Jesse Clyde Mason, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

PER CURIAM.

Appellant filed a petition for post-conviction relief from his guilty-plea conviction of first degree murder and punishment of ninety-nine years, which petition was dismissed without an evidentiary hearing. This appeal questions the correctness of the trial judge's action.

James Earl Ray, while represented by retained counsel, entered a plea of guilty to the murder of Dr. Martin Luther King. After signing and filing a written petition to be allowed to plead guilty, Ray also expressly stated in open court that he was guilty of the crime and was pleading guilty understandingly and knowingly. The minutes recording the occasion reflect that the presiding judge found that he intelligently and understandingly waived his right to a contested trial of his own free will and choice and without any threats or pressure of any kind, or promises (other than the recommendation of the State as to punishment).

Within days thereafter, Ray wrote two letters to the presiding judge, indicating dissatisfaction. Shortly thereafter the original trial judge died. New retained counsel took the position of treating the letters as motions for a new trial, also filed a more formal and detailed pleading seeking a new trial, and the successor trial judge held a hearing thereon. It was alleged in that pleading (as in the instant pe-

tition) that retained counsel was incompetent (primarily because of a conflict of financial interests), and that retained counsel "pressured" Ray into pleading guilty. The successor trial judge held a hearing, made a finding of fact that the guilty plea was knowingly, intelligently and voluntarily entered after proper advice without any threats or pressure of any kind or promises (other than as to the recommendation of the State as to punishment) ; and that Ray had a full understanding of the consequences of his actions and of the law in relation to the facts. A new trial was refused. Our Supreme Court reviewed that action upon a petition for certiorari; and, in a published opinion (Ray v. State, 224 Tenn. 164, 451 S.W.2d 854) held, inter alia, that:

> "The Court finds that the defendant willingly, knowingly and intelligently and with the advice of competent counsel entered a plea of guilty to murder in the first degree * * *"

Our Supreme Court also dealt with the question of the claim that retained counsel was ineffective, and said:

> "In State ex rel. Richmond v. Henderson [222 Tenn. 597], 439 S.W.2d 263, 264, it was said by this Court:

>> 'This rule has been applied to any number of situations arising in a criminal case, including that situation involving the advice or urging of defense counsel for the defendant to enter a plea of guilty. In cases in which this exercise of judgment by counsel (that of urging a defendant to enter a plea of guilty) has been attacked, it has uniformly been held that this is not a ground for invalidating the judgment. (citing cases).' "

The instant allegation that Ray's pre-trial incarceration was inhumane and was a factor in his guilty plea was also litigated in substance in a pre-trial evidentiary hearing upon the very subject, and the conditions found to be proper.

The post-conviction petition sub judice raises only questions which do not rise to constitutional proportions; and/or which have been previously determined, and hence form no basis for relief under our Act (T.C.A. § 40–3811) ; and/or grounds which are bottomed upon the actions of retained counsel, which are therefore not tenable because not State action (State ex rel. Richmond v. Henderson, supra) ; and/or matters which were waived by the proper guilty plea, under the rule that a plea of guilty, understandingly and voluntarily entered upon the advice of counsel, waives all non-jurisdictional defenses and alleged prior constitutional rights violations. State ex rel. Lawrence v. Henderson, Tenn.Crim.App., 433 S.W.2d 96.

The judgment of the trial court is affirmed.

WALKER, P. J., and RUSSELL and O'BRIEN, JJ., concur.