**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT KNOXVILLE**
**JUNE 1999 SESSION**

FILED

August 9, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **MARTY PURKEY,** | ) | |
| | ) | **C.C.A. NO. 03C01-9804-CC-00150** |
| Appellant, | ) | |
| | ) | **GRAINGER COUNTY** |
| VS. | ) | |
| | ) | **HON. REX HENRY OGLE,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**ROGER A. WOOLSEY**
118 South Main St.
Greeneville, TN  37743

**PAUL G. SUMMERS**
Attorney General & Reporter

**ERIK W. DAAB**
Asst. Attorney General
John Sevier Bldg.
425 Fifth Ave., North
Nashville, TN  37243-0493

**AL C. SCHMUTZER, JR.**
District Attorney General

**W. BROWNLOW MARSH**
Asst. District Attorney General
339 East Main St.
Newport, TN  37821

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

The petitioner entered a negotiated guilty plea to second-degree murder and was sentenced to twenty-five years in prison. He filed a petition for post-conviction relief, alleging that his attorney was ineffective and that his guilty plea was not knowingly and voluntarily given because he was incompetent at the time he pled. Following an evidentiary hearing, the post-conviction court denied the petition, and the petitioner now appeals. Finding no merit to the arguments raised, we affirm the post-conviction court's judgment.

The parties stipulated to the following facts during the guilty plea hearing. The petitioner's sister became pregnant by the victim, and the couple intended to marry. On March 1, 1993, the petitioner's sister and the victim visited her parents' residence, a small mobile home. The petitioner, who had been drinking beer throughout the day, arrived at the residence after dinner and asked to speak with the victim. They began arguing, prompting the petitioner's mother to tell the petitioner to leave the victim alone. The petitioner did not, confronting the victim. The petitioner's mother attempted to keep the petitioner away from the victim while the petitioner's sister stood near the victim. The confrontation escalated, culminating in the petitioner pulling out a semi-automatic pistol and firing five bullets. Two of the bullets hit the victim, one in his head and one in his upper right arm. The petitioner was arrested a short while later, at which time he repeatedly admitted he shot the victim. In February 1994, the petitioner pled guilty to second-degree murder.

In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services

rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). Because the petitioner here pled guilty, in order to satisfy the requirement of prejudice, he must demonstrate a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on a trial. See Hill v. Lockart, 474 U.S. 52, 59 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

In arguing that his trial attorney was ineffective, the petitioner complains his attorney failed to interview his two nephews who witnessed the crime and failed to interview his mother, another witness to the crime, more than once, even though, he claims, she had the best view of the shooting. The record shows that the trial attorney interviewed the three adult eyewitnesses to the shooting---the petitioner, his mother, and his sister---and that because they "gave pretty much an identical set of facts as to what happened,"[1] the attorney believed it was unnecessary to interview the petitioner's twelve- and thirteen-year-old nephews. The petitioner presented no evidence of the nephews' potential testimony or of what information an additional interview with his mother would have revealed. Because of this, he has not shown prejudice and thus is not entitled to post-conviction relief on these grounds. Black v. State, 794 S.W.2d 752, 757-58 (Tenn. Crim. App. 1990).

---

[1] According to trial counsel, the petitioner claimed to be unable to recall any of the events surrounding the shooting.

The petitioner also complains that his trial attorney was ineffective because he never visited the scene of the crime, but he admits, "It is difficult to speculate what could have been gained from visiting the Purkey home . . . ." The petitioner's admission makes clear he has failed to show prejudice. Likewise, the petitioner's apparent complaint that his trial attorney only talked with him on two occasions will not afford him relief because even assuming it is true, he makes no showing of how this prejudiced him.

Moreover, the petitioner complains that his attorney failed to explore the possibility that the shooting may have been an accident based upon his mother's testimony that when he began firing the gun, her hand was on his arm and he was not pointing the gun in the victim's direction. The petitioner's mother also testified, however, that an argument between the petitioner and the victim led to the shooting, that the petitioner fired the gun five times at a close range in a small enclosed space, and that at least two bullets hit the victim. The trial attorney testified that given these circumstances, the only possible defense would have been incompetency or state of mind at the time of the shooting. The record supports this strategic decision by counsel. Because counsel's strategic choice not to claim accidental shooting as a possible defense was informed and not due to inadequate preparation, the petitioner's argument will not afford him relief. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

Further, the petitioner attempts to fault his trial attorney for failing to pursue the issue of incompetence at the time of the offense and for failing to adequately pursue the issue of his competence at the time he pled guilty. The petitioner claims his attorney's actions "had an adverse effect on his defense," yet the record contains no evidence he was incompetent at the time of the offense or when he pled guilty. In fact, the record reveals only that following a psychiatric evaluation in July 1993, the petitioner

4

was found to have been competent at the time of the offense and that another psychiatric evaluation conducted by the defense-retained psychologist the day prior to the guilty plea hearing resulted in the conclusion that the petitioner was competent to assist in his defense, participate in plea negotiations, and stand trial. Because of this, the post-conviction court specifically found that the petitioner was competent at the time he committed the offense and at the time he pled guilty. There is no evidence in the record to suggest otherwise. Because the record does not contain evidence of incompetency either at the time of the offense or at the time the petitioner pled guilty, the petitioner has not shown prejudice and therefore is not entitled to post-conviction relief.

In his second issue, the petitioner claims that the post-conviction court erred in failing to find that he was incompetent both at the time of the offense and at the time he pled guilty. With regard to competency at the time he pled guilty, it appears the petitioner is arguing that the trial court erred in accepting his guilty plea, i.e., that his guilty plea was not knowingly and voluntarily given due to his supposed incompetency. Again, we find no evidence in the record to support the petitioner's claim he was incompetent at the time he pled guilty, and in fact, all evidence indicates he was competent. Because the petitioner has not shown that his guilty plea was unknowingly and involuntarily given, his argument must fail.

With regard to competency at the time of the offense, we again note that there is no evidence in the record to support the petitioner's claim he was incompetent when he killed the victim, but only evidence to the contrary, i.e., that he was competent at the time of the offense. Even so, because the record shows the petitioner knowingly and voluntarily pled guilty, he waived all non-jurisdictional defenses, including insanity. See, e.g., Ray v. State, 480 S.W.2d 919, 920 (Tenn. Crim. App. 1972). Accordingly, the

5

petitioner's arguments must fail.

In sum, the petitioner has not shown entitlement to post-conviction relief. Accordingly, the court's denial of his post-conviction petition is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JOHN EVERETT WILLIAMS, Judge

6