DON T. MCMURRAY, J. and WILLIAM H. INMAN, Sr.J., concur.

**James Earl RAY, Petitioner,**

v.

**STATE of Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee, at Jackson.

April 9, 1997.

## ORDER

The petitioner, James Earl Ray, presents a motion in this court seeking (1) permission to reopen his post-conviction proceeding, and (2) the dissolution of the stay previously ordered by this Court prohibiting the inspection and testing of physical evidence. The state has filed an answer in opposition to the petitioner's motion.

For the reasons stated below, we find that the motion to reopen the petition for post-conviction relief should be denied; however, the motion to dissolve the stay order should be granted.

## CASE HISTORY

This case has been the subject of extensive appellate review in both the state and federal courts.[1] In January, 1994, the petitioner filed his seventh petition for post-conviction

relief, which, in essence, advanced a claim of actual innocence. In support thereof, the petitioner moved the trial court to allow the testing of the alleged murder weapon for the purpose of a ballistic analysis. The trial court granted the petitioner's motion for the testing on June 6, 1994.

Pursuant to an extraordinary appeal filed by the state, this Court entered an order on September 13, 1994, staying the trial court from "granting any orders for inspection and testing of physical evidence and from conducting any hearing for the purpose of receiving [the petitioner's] claim of actual innocence."[2] Because the Post–Conviction Procedure Act in effect at that time did not recognize actual innocence as a ground for post-conviction relief, this Court concluded that injunctive relief was necessary to stay the trial court's order permitting the ballistic analysis. See Tenn.R.App.P. 10(a). Moreover, this Court was concerned that the evidence in question could be significantly altered or destroyed by the proposed testing procedures. The trial court ultimately denied the petition for post-conviction relief in December, 1994.

## POST–CONVICTION PROCEDURE ACT OF 1995

Under the 1995 revisions to the Post–Conviction Procedure Act, a petitioner may now file a motion in the trial court to reopen a prior post-conviction petition if "[t]he claim in the motion is based upon new scientific evidence *establishing* that such petitioner is *actually innocent* of the offense or offenses for which the petitioner was convicted." Tenn. Code Ann. § 40–30–217(a)(2) (Supp.1996) (emphasis added). In December, 1995, the petitioner filed a motion to reopen his prior

---

1. See *Ray v. State*, No. 101, 1988 WL 105724 (Tenn.Crim.App. at Jackson, Oct. 12, 1988); *State v. Ray*, No. 41, 1986 WL 1671 (Tenn.Crim. App. at Jackson, Feb. 5, 1986); *State v. Ray*, No. 36 (Tenn.Crim.App. at Jackson, June 17, 1980); *Ray v. State*, 577 S.W.2d 681 (Tenn.Crim.App. 1978), *cert. denied*, (Tenn.1979); *Ray v. State*, 480 S.W.2d 919 (Tenn.Crim.App.), *cert denied*, (Tenn. 1972). On June 10, 1992, the Supreme Court entered an order allowing the petitioner to voluntarily withdraw the appeal from the trial court's denial of his sixth petition. See also *Ray v. Rose*, 535 F.2d 966 (6th Cir.1976), *cert. denied*,

429 U.S. 1026, 97 S.Ct. 648, 50 L.Ed.2d 629 (1976).

2. Judge Paul G. Summers dissented and voted to deny the application for extraordinary relief pursuant to Tenn.R.App.P. 10(a). His dissent argued that the trial court's actions did not require immediate review because there was no abuse of discretion. Judge Summers opined that the trial judge was exercising discretionary control over exhibits.

post-conviction petition based upon this statutory ground. After a hearing on the motion, the trial court entered an order on March 6, 1997, finding that "the petitioner has shown the existence of valid scientific methodology and technology *capable* of providing new scientific evidence of his innocence" and that "the ballistic material in evidence will not be significantly damaged, destroyed nor altered by the testing proposed." (emphasis added). Because of this Court's previous order, however, the trial court was precluded from allowing the petitioner to proceed with the testing.

■ In opposition to the petitioner's motion, the state correctly argues that Tenn. Code Ann. § 40–30–217(b) (Supp.1996) mandates that the motion to reopen include affidavits which set out the factual basis underlying the ground for relief. Accordingly, the state contends that the Post–Conviction Procedure Act does not provide the petitioner a vehicle for obtaining discovery. We agree. In order to satisfy the requirements of § 40–30–217, a petitioner must delineate, in the motion to reopen, the new scientific evidence *that has already been secured* and which will establish his or her actual innocence.

One cannot proceed under Tenn.Code Ann. § 40–30–217(a)(2) to examine or test physical evidence in governmental control based upon allegations that such an examination or test *could* establish actual innocence. If one could secure and test physical evidence held by the government after a conviction simply by alleging this *might* prove innocence, this would open the floodgates to frivolous requests. Certainly, this was not the legislative intent behind Tenn.Code Ann. § 40–30–217(a)(2). This statute is designed for the extraordinary case when one *has* scientific evidence that establishes actual innocence. The statute is not a discovery device.

For these reasons, the petitioner's attempt to proceed via the post-conviction statute to obtain physical evidence for testing must fail.

## COURT'S PLENARY POWER OVER EVIDENCE IN CLERK'S OFFICE

Although not properly articulated by petitioner, the real issue in this case relates to the trial court's discretionary authority to control exhibits or evidence in custody of the court or the clerk's office.

■ Rule 6.09, Rules of the Shelby County Criminal Court, provides that all records shall be under the custody and control of the clerk of that court, and that no record shall be withdrawn from the clerk's office except by a judge, clerk or attorney with the permission of the judge or clerk.[3] *See also* Rule 8, Rules of the Shelby County Circuit Court. Access to the items at issue here, which are in the custody of the Clerk's Office of the Shelby County Criminal Court, is not unlimited, but is subject to the control of the trial judge who has the discretion to deny inspection if the judge deems it necessary for the preservation of the record.

■ Furthermore, a trial court has the inherent authority to determine the custody and control of evidence held in the clerk's office.[4] This plenary power exists regardless of the applicability or non-applicability of the post-conviction statutes. This authority is discretionary and not unlimited. At a minimum, in asking that the trial court exercise its discretion, the petitioner carries the burden of proof. The trial court has the discretion to determine not only whether custody and control of such evidence may be granted to another, but also the terms and conditions of such custody.

■ Although the trial court wrongfully attempted to allow testing of physical evi-

3. We note that the Public Records Act would allow counsel for the petitioner to inspect all state, county and municipal records, unless otherwise provided by state law. Tenn.Code Ann. § 10–7–503(a) (Supp.1996) The petitioner himself, however, would be precluded from this privilege. *See Ray v. Stanton,* C.A. No. 88–285–II, 1989 WL 14135 (Tenn.App. at Nashville, Feb. 24, 1989).

4. Although Tenn.Code Ann. § 18–1–206 is not applicable to these proceedings, this statute is based upon the premise that the court has the right to exercise control over physical evidence after a case has been concluded. *See also* Tenn. Code Ann. § 18–1–201.

 

dence under the post-conviction statute, the attempt was in fact the exercise of the trial court's plenary authority over evidence in the clerk's possession. A trial court has such discretionary authority, and there is no abuse of discretion in this case assuming the trial court sets proper terms and conditions for the custody and testing of the physical evidence for both the petitioner and the state.

## DISPOSITION OF ISSUES

As previously noted, petitioner's motion presents two issues. In his first issue, he requests this Court to allow the trial court to reopen his petition for post-conviction relief and hold an evidentiary hearing on the merits. This issue is premature. To reopen the petition for post-conviction relief, the petitioner must present new scientific evidence that *establishes* actual innocence. The trial court, pursuant to Tenn.Code Ann. § 40–30–217(a)(2), must find that new scientific evidence, in and of itself, establishes actual innocence. This would require an examination of all of the evidence, not just this one piece of evidence. Certainly, we offer no speculation as to the future of this litigation. Since petitioner's request that this Court allow the reopening of his petition for post-conviction relief is premature, it is denied.

As to the second issue, the petitioner requests dissolution of the stay order previously entered by this Court. Having reviewed the issue, we find that the bases for this Court's previous stay order are no longer present because (1) the Post–Conviction Procedure Act has been amended to recognize claims of actual innocence based upon new scientific evidence; and (2) the trial court found that "the ballistic material in evidence will not be significantly damaged, destroyed nor altered by the testing proposed by the petitioner." Therefore, the stay order should be dissolved.

## CONCLUSION

In summary, we conclude:

(1) the petitioner cannot proceed under Tenn.Code Ann. § 40–30–217(a)(2) to obtain discovery or the testing of physical evidence;

(2) the trial court has the discretionary, plenary authority to determine whether a party can obtain custody of evidence in the clerk's office;

(3) the trial court must determine the terms and conditions of custody and testing after giving both parties an opportunity to be heard;

(4) the request that this Court allow the trial court to reopen the petition for post-conviction relief is premature and, therefore, denied;

(5) the request for dissolution of the previous stay order is granted; and

(6) the trial court may reopen the petition for post-conviction relief only if the trial court determines that newly discovered scientific evidence, in and of itself, establishes that the petitioner is actually innocent of the offense for which he was convicted.

All of which is so ORDERED.

/s/ Paul G. Summers
Paul G. Summers, Judge

/s/ David G. Hayes
David G. Hayes, Judge

/s/ Joe G. Riley
Joe G. Riley, Judge

**STATE of Tennessee, Appellant,**