IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 27, 2001

**STATE OF TENNESSEE v. CONNIE LEE ARNOLD**

**Appeal from the Criminal Court for Carter County**
**No. 12165      Lynn W. Brown, Judge**

**No. E2001-00618-CCA-R3-CD**
**January 29, 2002**

The defendant, Connie Lee Arnold, appeals from the Carter County Criminal Court's denial of his motion for return of property by the state in its prosecution of him and for return of property and files in the possession of his former trial attorney. The trial court concluded that it had no jurisdiction to rule in the matter. The state agrees with the defendant that the trial court has jurisdiction to act on the motion relative to evidence used in the case and otherwise seized and possessed by the state, but it asserts that property and files possessed by the defendant's former attorney should be addressed by the Board of Professional Responsibility or a civil court. Although we hold that the trial court had jurisdiction relative to evidence presented in the case, we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Connie Lee Arnold, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; and Lisa Rice, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant was convicted of child rape and especially aggravated sexual exploitation of a minor, and this court affirmed the convictions on appeal. See State v. Connie Lee Arnold, No. 03C01-9902-CR-00081, Carter County (Tenn. Crim. App. Jan. 11, 2000), app. denied (Tenn. Sept. 25, 2000). Subsequently, the defendant filed a motion for return of all property seized by the state. Although the motion states that return is sought of such property that was not used as evidence, it also specifies four photographs that were introduced into evidence. It also specifies photograph albums with photographs, a belt, and a carrying bag. The defendant also filed a motion asking the trial court to require his trial attorney to turn over his files, notes, etc., regarding the case in order that the defendant could proceed with a post-conviction action.

In denying the motion, the trial court held that it had no jurisdiction to grant the defendant relief because the underlying criminal case had ended. In agreeing with the defendant that the trial court has jurisdiction relative to items seized by the state in its prosecution of the defendant, the state asserts that statutes empower a trial court to dispose of records, documents, and physical evidence used in judicial proceedings when such evidence is deemed to be no longer needed. See Tenn. Code Ann. §§ 18-1-201, -206. It also notes that this court has concluded that "a trial court has the inherent authority to determine the custody and control of evidence held in the clerk's office." Ray v. State, 984 S.W.2d 236, 238 (Tenn. Crim. App. 1997). We believe that the state has failed to see the limit of the statutes and Ray.

The focus of the law cited by the state is upon items entered as evidence in the case. It does not relate to property possessed by law enforcement authorities or prosecutors that was never used as evidence in court. In this respect, we agree with the trial court. We do not see how the trial court can exercise any authority over such property through a motion once the criminal case is at an end. On the other hand, a defendant certainly has the right to sue for the return of property in any court of competent jurisdiction, and the court can rule on the merits. Likewise, we do not believe that the trial court can act pursuant to a motion in a case that has already ended relative to the defendant's former attorney's files and related property. Again, the defendant has the right to sue for the return of property in any court of competent jurisdiction, and the merits can be resolved.

Even though we hold that the trial court has authority to dispose of evidence used in the case, we do not mean to imply that the defendant is entitled to such evidence. With a criminal case ending in conviction, there is the real potential of the case being reopened through the post-conviction process, included through federal habeas corpus action. In fact, the defendant says he plans to seek post-conviction relief. Also, as a practical matter, as in the present case, filing a record, including the exhibits, with an appellate court brings the exhibits within the jurisdiction of the appellate court. In such event, although the trial court may determine that the return of evidence is warranted, the authorization for the return would have to come from the appellate court. Under the existing circumstances, including the defendant's intent to pursue post-conviction relief, we hold that the trial evidence shall remain presently as part of the record in the convicting case.

In consideration of the foregoing and the record as a whole, we affirm the trial court.

_____
JOSEPH M. TIPTON, JUDGE