# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
May 7, 2002 Session

## DARRELL WAYNE TAYLOR v. STATE OF TENNESSEE

### Post-Conviction Appeal from the Criminal Court for Shelby County
### No. P-07864    Carolyn Wade Blackett, Judge

---

### No. W2001-01806-CCA-R9-PD - Filed May 2, 2003

---

This appeal arises pursuant to Tenn. R. App. P. 9. The appellant, Darrell Wayne Taylor, seeks interlocutory review of the question of whether a trial court in a post-conviction proceeding involving a capital case is authorized following an *ex parte* grant of fees for expert services pursuant to Tennessee Code Annotated Section 40-14-207(b), to issue *ex parte* orders directing the transportation of evidence in state custody to a defense expert for independent forensic tests. After careful consideration of the applicable law, we hold that there is no right on the part of an accused in a criminal case, capital or otherwise, to obtain permission *ex parte* for independent forensic testing of physical evidence in the custody of the State. However, following an adversarial hearing where both the prosecution and the defense may be heard, the trial judge may grant a defense request for independent testing of such physical evidence under such conditions as the trial court may in its discretion deem appropriate to protect the interests of both parties. Accordingly the judgment of the trial court staying the *ex parte* order to transport physical evidence for independent testing is affirmed and the case is remanded for further proceedings in accordance with this opinion.

**Tenn. R. App. P. 9; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Paul J. Morrow, Jr., Deputy Post-Conviction Defender and Jefferson T. Dorsey, Post-Conviction Defender, Nashville, Tennessee, for appellant, Darrell Wayne Taylor.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; John Campbell and Glenn R. Pruden, Assistant District Attorneys General, for appellee, State of Tennessee.

**OPINION**

## Background

As a result of his conviction for first degree murder, the appellant, Darrell Wayne Taylor, received a sentence of death. On direct appeal his conviction and sentence were affirmed by the Tennessee Supreme Court. State v. Taylor, 774 S.W.2d 163 (Tenn. 1989). An amended petition for post-conviction relief was filed with the Shelby County Criminal Court in September 1997.[1] The State filed a response. During the pendency of the proceedings and pursuant to Tennessee Code Annotated Section 40-14-207(b), the appellant filed an *ex parte* request for funds to retain a ballistics expert. This request was granted by the trial court and approved by the then Chief Justice of the Tennessee Supreme Court. See Rule 13, § 5(d), Rules of the Supreme Court of the State of Tennessee.

A few months following the *ex parte* hearing wherein the appellant secured funding to hire a ballistics expert, the appellant filed an *ex parte* sealed motion asking the trial court for a sealed order directing the transportation of a lead bullet recovered by the Shelby County Medical Examiner from the body of the victim in this case, Darrell Lee Richmond. On July 19, 2000, the trial court granted this motion and ordered the bullet secretly transferred to the defense ballistics expert for testing.

The State subsequently became aware of this *ex parte* order to remove and transport the bullet from the custody of the Memphis Police Department and on November 17, 2000, filed a motion asking the trial court to stay its previous *ex parte* order directing the transportation of the bullet. On the same day the trial court granted the State's motion and ordered that the bullet be returned to the custody of the Memphis Police Department. The appellant then filed a motion to continue the trial and asked the trial court to reinstate its previous order allowing the "secret" removal of the bullet presumably for independent testing. On November 20, 2000, the trial court held a hearing on this defense motion filed by the appellant. The interlocutory appeal that is currently present before this Court followed.[2]

---

[1]In this amended post-conviction petition the appellant refers to "several" prior post-conviction proceedings of which the amended petition is a consolidation. The record in this appeal does not contain those prior petitions nor does the record reference the dates of those petitions. However, the State has not raised any issue concerning the applicable statute of limitations for post-conviction proceedings.

[2]The lower court never ruled on the appellant's motion to dissolve the stay of the *ex parte* order to transport the evidence in question thus raising the question of exactly what order is the subject of this appeal. The trial court's order granting the interlocutory appeal simply asks this Court for guidance in cases of this nature. Nevertheless, the appeal in this case was granted by another panel of this Court and we will therefore address the merits of the questions raised.

## *Ex Parte* Request for Funds to Pay for Expert Services

In Tennessee *ex parte* hearings are generally disfavored and disallowed. State v. Barnett, 909 S.W.2d 423, 428 (Tenn. 1995). Nevertheless, Tennessee Code Annotated Section 40-14-207(b), and Rule 13, § 5(b), Supreme Court Rules, permit indigent defendants in capital cases to file an *ex parte* request with the trial court to secure funding for expert services needed in the preparation of the defense. In order that these defendants might better litigate post-conviction claims involving the need for certain expertise, the Tennessee Supreme Court in 1995 extended this *ex parte* procedure to requests for expert services involving indigent post-conviction petitioners under a sentence of death. Owens v. State, 908 S.W.2d 923 (Tenn. 1995).

In Barnett, 909 S.W.2d at 429, our state supreme court held that, at least with respect to requests for funding for psychiatric services, the due process clause of the Fourteenth Amendment to the United States Constitution required *ex parte* hearings for indigent petitioners in both capital and non-capital cases.

The court stated:

> The logic of requiring an *ex parte* hearing under such circumstances is apparent. Indigent defendants who must seek state funding to hire a psychiatric expert should not be required to reveal their theory of defense when their more affluent counterparts, with funds to hire experts, are not required to reveal their theory of defense, or the identity of experts who are consulted, but who may not, or do not, testify at trial.

Barnett, Id. at 428.

However, the court in Barnett specifically declined to address the question of whether such *ex parte* hearings are required when seeking funding for non-psychiatric experts. Id. at 4. The court noted that the North Carolina Supreme Court has held such *ex parte* hearings are not constitutionally required in seeking funding for non-psychiatric experts. Id. (citations omitted).

Nevertheless, the Tennessee General Assembly has determined that in capital cases indigent requests for funding for expert services of any type may be filed *ex parte*. Tenn. Code Ann. § 40-14-207(d). Our supreme court has echoed this statute in Rule 13, § 5(b), Rules of the Supreme Court. Thus, the petitioner herein was well within his rights to file an *ex parte* request for expert funds and the trial court was well within its jurisdiction in granting those funds. The petitioner however is asking this Court to extend section 40-14-209(d) to cover *ex parte* requests to remove evidence in state custody for independent testing.

<u>*Ex Parte* Order to Secretly Transport Bullet From Police Custody for
Testing by Petitioner's Expert</u>

Tennessee Code Annotated Section 40-14-207(b) is simply a funding mechanism to place indigent and non-indigent capital defendants in an equal position vis-a-vis funding. Nothing in that statute nor in Rule 13, § 5 authorizes a trial court to conduct an *ex parte* hearing on requests to independently test evidence in the State's possession. Testing of evidence in the custody of the State in either a criminal trial or in a post-conviction hearing, regardless of whether a capital or non-capital offense is involved, is a discovery matter and is governed by the rules of discovery applicable to the criminal proceeding. <u>State v. Gaddis</u>, 530 S.W.2d 64, 69 (Tenn. 1975); <u>State v. Gilbert</u>, 751 S.W.2d 454, 460 (Tenn. Crim. App. 1988) (Both holding the right of an accused to test certain items of physical evidence in the State's possession is governed by applicable rules of discovery that permit a defendant in a criminal case to inspect and/or examine "tangible objects" in the State's possession.)

In a post-conviction case, discovery is governed by Tennessee Code Annotated section 40-30-209(b) and Supreme Court Rule 28, § 6 (B)(3)(c) and § 6 (C)(7).[3] The statute provides that in a post-conviction proceeding discovery is only available pursuant to Tennessee Rule of Criminal Procedure 16. The first of the court rules, just mentioned, directs the trial court upon a finding that the post-conviction petition contains a colorable claim to order, *inter alia*, disclosure by the state "of all that is required to be disclosed under Rule 16 of the Tennessee Rules of Criminal Procedure, to the extent relevant to the grounds alleged in the petition, and any other disclosure required by the state or federal constitution." Rule 28, § 6 (C)(7) directs the state to comply with the court's order to permit discovery under Rule 16 of the Tennessee Rules of Criminal Procedure.

The procedure outlined in the preceding paragraph is the exclusive method of obtaining discovery and therefore inspection and testing of physical evidence in the state's possession. There is no provision in any of the applicable statutes or court rules for an *ex parte* hearing resulting in an order that would allow the petitioner in the instant case to secretly remove and independently test a bullet in the possession of the state. To extend the provisions of Tennessee Code Annotated Section 40-14-207(b) in the manner suggested by the petitioner would be to grant to indigent defendants and post-conviction petitioners a right which non-indigent defendants and petitioners do not enjoy. Such was never the intent of section 40-14-207(b).

The trial court may of course upon proper notice to the state conduct an adversarial hearing and in the exercise of discretion allow petitioner's expert to test the bullet in question. The trial court may also, following an adversarial hearing where both parties are heard, order such terms and

---

[3]The petitioner argues that his petition is not governed by either Tennessee Code Annotated section 40-30-209(b) or Rule 28 because his case arose prior to 1995. However, the Tennessee Supreme Court in <u>State v. West</u>, 19 S.W.3d 753, 756 (Tenn. 2000) held that after the adoption of Rule 28 all prior laws in conflict with Rule 28 were of no further force or effect. <u>See also</u> Tenn. Code Ann. § 16-3-406 (1994).

conditions of custody and testing as may be necessary to protect the interests of both parties. Tenn. R. Crim. P. 16(d)(2); Ray v. State, 984 S.W.2d 236, 239 (Tenn. Crim. App. 1997). There is however no provision in the law of Tennessee which would allow the trial court to conduct an *ex parte* hearing that results in an order for the secret removal and transportation of an item of physical evidence in the state's custody for the purpose of independent testing.

In view of the foregoing we affirm the trial court's decision to rescind the *ex parte* order allowing the petitioner to remove the bullet in question for independent testing, and ordering the return of the bullet to the Memphis Police Department property room. We remand this case to the trial court for further proceedings in accordance with the provisions of this opinion.

_____
JERRY L. SMITH, JUDGE