# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### ASSIGNED ON BRIEFS MAY 16, 2003

## JERRY RAY, Executor of the Estate of James Earl Ray v. STATE OF TENNESSEE, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-001003-02     Kay S. Robilio, Judge**

_____

**No. W2002-01611-COA-R3-CV - Filed October 15, 2003**
_____

This case arises from a dispute involving the exercise of custody over certain property by the Shelby County Criminal Court Clerk, William E. Key.  The lower court granted Appellees' motion to dismiss based upon Appellant's failure to prosecute.  We affirm the lower court's dismissal of the action, though on different grounds.

**Tenn. R. App. P. 3; Appeal As of Right; Judgment of the Circuit Court Affirmed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Andrew N. Hall, Wartburg, TN; Barry A. Bachrach, Worcester, MA, for Appellant

Paul G. Summers, Attorney General & Reporter, Dianne Stamey Dycus, Deputy Attorney General, Nashville, TN, for Appellee

This case arises from a dispute involving the exercise of custody over certain property by the Shelby County Criminal Court Clerk, William E. Key.[2] In 1969, James Earl Ray ("Decedent") plead guilty to the murder of Dr. Martin Luther King, Jr. and was convicted in the Criminal Court of Shelby County. The Decedent filed many post-conviction appeals in the following years, until his death in 1998. Thereafter, Jerry Ray ("Mr. Ray"), as Decedent's brother and executor of his estate, filed suit in the Probate Court of Davidson County, Tennessee. Mr. Ray sought the return of property that had been used in the Decedent's criminal proceedings and that had subsequently remained in the custody of the Shelby County Criminal Court Clerk. The items sought by Mr. Ray in that action included one .30-06 caliber Remington hunting rifle. The Probate Court dismissed the action, ruling that Mr. Ray's claim against the State of Tennessee for the property at issue was barred by the doctrines of sovereign immunity and collateral estoppel. On appeal, this Court affirmed the dismissal of the action, though on the alternative ground that the Probate Court lacked the authority to determine the disposition of property in the custody of the Criminal Court Clerk.

On February 25, 2002, Mr. Ray, acting *pro se*, then filed the present action in the Circuit Court of Shelby County, Tennessee. Mr. Ray sought to regain possession of the .30-06 caliber Remington hunting rifle that was, in part, the subject of his earlier action in the Probate Court of Davidson County. In response to Mr. Ray's complaint, William Gibbons, as the District Attorney General of Shelby County and on behalf of the State of Tennessee, and William Key, as Criminal Court Clerk of Shelby County,[3] each filed a motion to dismiss. The trial court set the motions for hearing on May 24, 2002. Mr. Ray failed to appear for the hearing, and the trial court granted the Appellees' motions to dismiss based upon Mr. Ray's failure to prosecute. Mr. Ray then timely filed an appeal from the decision of the trial court. As in the prior appeal referenced above, we affirm the lower court's dismissal of the action, though upon the alternate ground that the court lacked the authority to order the transfer or disposition of property held in the custody of the Criminal Court Clerk.

This Court addressed the proper forum for Mr. Ray's cause in *Ray v. State*, No. M1999-00237-COA-R3-CV, 2000 WL 388718 at *1 (Tenn. Ct. App. 2000). In that case, as previously mentioned, Mr. Ray sought to gain possession of the subject rifle by filing in the Probate Court of

---

[1]Rule 10 (Court of Appeals). Memorandum Opinion. - (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "Memorandum Opinion," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2]We note that, pursuant to Tenn. Code Ann. § 10-7-510 (Supp. 1997), Mr. Key transferred possession of the rifle at issue to the Lorraine Civil Rights Museum Foundation in November 2000. Appellant's action, however, still lies with the state rather than with the museum. The museum's custody is only as good as that of the clerk who transferred the subject property. The relevant issue, therefore, is the validity of the Criminal Court Clerk's precedent custody.

[3]Hereinafter, Mr. Gibbons and Mr. Key will be referred to collectively as "Appellees."

Davidson County. On appeal from the Probate Court's dismissal, we held that "the Probate Court lacked the authority to determine the disposition of property held in the custody of the Criminal Court Clerk . . . [T]he proper forum in which to seek return of the subject property is the court having custody of that property." *Id*. at *3-5 (emphasis added). The court with custody of the subject rifle in this matter is the Criminal Court of Shelby County. It acquired custody when it conducted the criminal proceedings involving Decedent in 1969. Mr. Ray erred in the present matter by incorrectly filing with the *Circuit Court* of Shelby County, rather than with the *Criminal Court*. This error is not mitigated by the fact that Mr. Ray filed in the correct county. Mere physical proximity to the correct court is irrelevant in light of our prior reasoning on this issue:

> [T]he trial court "has the inherent authority to determine the custody and control of evidence held in the [trial court] clerk's office. *Ray v. State*, 984 S.W.2d 236, 238 (Tenn. Crim. App. 1997). This authority includes "the right to exercise control over physical evidence after a case has been concluded." *Id*. at 238 n. 4 . . . "[T]o permit an interference with [the clerk's] possession would be to interfere with the jurisdiction of the court, and [to] divert the property, from the purposes for which it is held." *Outerbridge Horsey Co*, 120 A. 235, 236 (Md. 1923). When property "is in *custodia legis*, and subject to the order of the court having criminal jurisdiction of the offense, . . . neither by attachment proceeding nor by injunction should the criminal court's power of disposition of the [property] be taken away or interfered with." *State v. Allen*, 66 N.W.2d 830, 837 (Neb. 1954).

*Id*. at *3-4.[4] The foregoing authority clearly admonishes a court not to interfere with property in the custody of another court. Accordingly, our holding is the same as in our previous decision on this matter.

The trial court's judgment is affirmed, and this cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to Jerry Ray, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

---

[4]We also note that *Lawrence v. Mullins*, 449 S.W.2d 224 (Tenn. 1969) and *Hays v. Montague*, 860 S.W.2d 403 (Tenn. Ct. App. 1993) remain inapposite on this issue, for the reasons stated in *Ray*.