Dr. W. E. Lawrence, and B. & B Loan Company, a partnership composed of Dr. W. E. Lawrence and Burt Waller, partners, Petitioners,

*v.*

Bobby Lewis Mullins, Respondent.

449 S.W.2d 224.

(*Jackson,* April Term, 1969.)

Opinion filed December 30, 1969.

Lloyd Tatum, Henderson, for petitioners.

Keith Moore, Memphis, for respondent.

Mʀ. Sᴘᴇᴄɪᴀʟ Jᴜsᴛɪᴄᴇ C. Howᴀʀᴅ Bozᴇᴍᴀɴ delivered the opinion of the Court.

This case comes to this Court by grant of Writ of Certiorari from the Court of Appeals, Western Section. The Court of Appeals, Western Section, in a split decision affirmed the action of the Trial Court in ordering $4,-171.00 in custody of the Clerk of the Court returned to the Respondent from whom it had been originally taken through unlawful and illegal search and seizure under an invalid search warrant. From the record we conclude that the question of ownership—rightful owner of the money —was not determined by the Trial Court but both the majority and minority Opinions of the Court of Appeals found: "We are convinced beyond a reasonable doubt that the funds taken from the person of Bobby Lewis Mullins were in fact a part of the actual currency stolen by Bobby Lewis Mullins from the offices of Dr. Lawrence and B & B Loan Company."

On September 10, 1966, the Respondent, Bobby Lewis Mullins, made an unlawful entry into the offices of B & B Loan Company and Dr. W. E. Lawrence. In addition to checks, $1,975.37 in currency, mostly in Twenty Dollar Bills, was taken from the safe of B & B Loan Company and slightly over $18,000.00 in currency, primarily One Hundred Dollar bills, although there were other denominations therein, was taken from Dr. W. E. Lawrence's medical office safe. On September 16, 1966, warrants were issued by the General Sessions Court of Hardeman County, Tennessee, charging Bobby Lewis Mullins with third degree burglary and larceny for these two events. On September 16, 1966, an officer of the Tennessee Bureau of Identification delivered to the Court Clerk the sum of $4,171.00 in currency, composed of: twenty-eight, One Hundred Dollar bills; forty, Twenty Dollar bills; thirty-four, Ten Dollar bills; forty-six, Five Dollar bills; and, one, One Dollar bill. This money was obtained by means of a search warrant which shows that the said money was obtained from Bobby Lewis Mullins at 10:15 a.m. on September 15, 1966. Bobby Lewis Mullins was indicted at the January term, 1967, of the Circuit Court of Hardeman County. In March 1967, a motion to suppress as evidence the $4,171.00 taken from Mullins was filed. An amendment to the motion to suppress also was filed in March, 1967, asking that the $4,171.00 be restored to Mullins. Both Motions were under authority of T.C.A. 40-519. On September 6, 1967, the Motions came on to be heard before the Trial Court and by Order entered January 8, 1968, the Court found "that the issue of probable cause fails and that the Petitioner (Mullins) was subjected to an unlawful search and seizure; that any and all evidence obtained thereby should be suppressed as evidence

against the Petitioner, Bobby Lewis Mullins; and, that the Court should temporarily reserve its Opinion with respect to the return of $4,171.00 seized from the Defendant (Mullins) by means of the said unlawful search and seizure."

On January 8, 1968, at the same time the above order was entered suppressing the evidence, Mullins entered a voluntary plea of guilty in writing to the offense of burglary in the third degree, and he was committed to the penitentiary for a term of three years.

All proceedings set out hereinabove were in the Criminal Division of the Circuit Court of Hardeman County and the appropriate documents are entered in the Bill of Exceptions in this cause.

On September 8, 1967, the Petition in the instant case was filed in the Circuit Court for Hardeman County and was docketed in the Law Division. On January 8, 1968, a summons was issued by the Clerk of the Court and with the Petition attached was served on Mullins. The Petition alleges that the $4,171.00 in the hands of the Clerk is a part of the same money which was stolen from the Petitioners by Mullins on the night of September 10, 1966, and prays that the Court order the Clerk to return said money to the Petitioners and that said money not be delivered to the Respondent, Mullins. On May 6, 1968, Mullins filed a Motion to dismiss coupled with a Demurrer, both of which were overruled by the Trial Court. No answer in writing was ever filed.

On the hearing of the cause, May 10, 1968, without the intervention of a jury, the two Petitioners, Burt Waller and Dr. W. E. Lawrence, testified as to the loss sustained by them by action of Mullins and to the denominations

of currency taken from them. The Court Clerk, Raymond Harris, entered certain records from the Criminal Division such as search warrants, indictments, plea of guilty, conviction and sentence as evidence in this cause. He orally testified without objection to the denominations of currency in his possession totaling $4,171.00 taken from Mullins. Carroll Leitschuh testified as to the impoverishment of Mullins prior to September 10, 1966, and his attained wealth after September 10, 1966.

After the Petitioners rested, the Respondent recalled the Court Clerk, Raymond Harris, for the purpose of introducing from the Criminal Division the Amendment to his Motion to suppress seeking to have the $4,171.00 returned to the Respondent and the Order of the Court dated January 8, 1968, referred to hereinabove. The Respondent, Bobby Lewis Mullins, did not testify and no other witnesses appeared for or on his behalf. The Trial Court found "that the said petition of Dr. W. E. Lawrence, et al, should be denied and that the funds held in the custody of the court should be returned to Bobby Lewis Mullins, it appearing that the said funds were taken from the said Bobby Lewis Mullins as a result of an unlawful and illegal search and seizure under an invalid search warrant." It is from this Order that the Petitioners appealed.

The Respondent contends that his Motion to suppress as evidence and to return of the money to Respondent was pending in the Criminal Division of the Trial Court at the time this action was begun in the Law Division of said Court and that an evidential hearing had been held on said Motion; therefore, he concludes that the present action is improper. He further contends that the evidence heard by the Trial Court on said Motion is not included

in the Bill of Exceptions before us; therefore, the Court of Appeals committed error while reaching a correct Opinion, by not holding that the Trial Court had additional evidence which required its verdict to be affirmed because the same was not included in the Bill of Exceptions.

■■ The first contention of Appellee is without merit. The Trial Court was correct in reserving his Opinion with respect to the returning of the money to the Respondent in the hearing to suppress evidence in the criminal case. Such property held by the Court for the purpose of developing or proving a criminal charge preferred against the party from whose custody it was taken should not be turned over to any party until after final disposition of the criminal proceedings. In the criminal case, final disposition of the criminal proceedings ended with a written plea of guilty and a conviction on January 8, 1968. This was the same day that the Summons with Petition attached was served on the Respondent in the instant case. The issue was thereby drawn between the Petitioners and the Respondent for the Court to determine the superior right of possession and title as between the parties to the $4,171.00 in possession of the Court. Such an action is entirely proper after final disposition of the criminal case.

■ We cannot agree with the second contention of Appellee. The present Petition was not even filed at the time the Original Petition in the criminal case was heard and Dr. Lawrence and B & B Loan Company were in no sense parties to the litigation, only the State of Tennessee and Mullins. Mullins was served with process and given opportunity to submit evidence in his behalf on the hearing of the present cause. He elected not to do so by depo-

sition or otherwise. The Bill of Exceptions does contain all of the evidence heard by the Trial Judge on the present Petition of Dr. Lawrence and B. & B Loan Company for the delivery of the property to them.

The Trial Court based his Order and the majority of the Court of Appeals based its Opinion returning the money to Mullins which admittedly was taken from him by unlawful and illegal means on an erroneous interpretation of the following applicable sections of the Code:

"40-513. Disposition of property.—When the property is taken under the warrant and delivered to the magistrate, he shall, if it was stolen or embezzled, cause it to be delivered to the owner, on satisfactory proof of his title, but if the warrant was issued on the second, third, or fourth ground specified in sec. 40-502, he shall retain the property in his possession, subject to the order of the court to which he is required to return the proceedings, or of the court in which the offense is triable."

"40-515. Restoration of property to defendant.—If it appear that the property is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the ground on which the warrant issued, the magistrate must direct it to be restored to the person from whom it was taken."

"40-519. Return of property subject to unlawful search and seizure—Suppression for use as evidence.—Any person aggrieved by an unlawful search and seizure may move the trial court for the county in which the property was seized for the return of the property and to suppress for the use as evidence anything so obtained on the ground that (1) the property was illegally seized without warrant, or (2) the warrant

is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed.

The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial.

The motion to suppress evidence may also be made in the county where the trial is to be had. The motion may be made before trial or at the trial. Provided, that nothing herein shall be construed as prohibiting or in any way affecting the existing right of any person aggrieved by an unlawful search and seizure to object to the admissibility of evidence so seized at or during any hearing or trial.''

Each of the Sections set out hereinabove are codified under Title 40 entitled ''Criminal Procedure'' and in Chapter 5 entitled ''Search Warrants''. T.C.A. 40-519 was enacted by the State Legislature in 1965. These statutes are not applicable to actions in the nature of replevin, the purpose of which is to establish title to or right to possession of property as in the instant case.

Prior to the enactment of T.C.A. 40-519 it is conceded that the law in Tennessee was that stolen property would be returned to the lawful owner thereof, even though it was illegally taken from the accused in the first instance.

Our Tennessee Supreme Court in *Homolko v. State,* 155 Tenn. 467, 470-472, 295 S.W. 66, 67, stated:

"The right to demand the return of illegally seized evidence by petition or motion in a criminal case is an incident of the trial upon the indictment. It is a step in the procedure in the criminal case looking to the exclusion of evidence obtained by officers in disregard of the constitutional protection to the citizen. *Hughes v. State,* 145 Tenn. 544, 238 S.W. 588, 20 A.L.R. 639; *Amos v. United States,* 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654; *Weeks v. United States,* 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A. 1915B, 834 * * *.

"Here appellant filed a petition in the criminal cause to suppress the evidence because obtained through illegal search. It was not an independent action designed to determine the right of property, but a step in the criminal case designed to suppress evidence which the state illegally seized and was about to offer in condemnation of the person from whom it was taken. * * *

"* * * The proprietary right of the defendant to the evidence seized can be determined only in an appropriate independent proceeding."

Also, in *State v. Bass,* 153 Tenn. 162, at 174, 281 S.W. 936, at 939:

"* * * the procedure in this state affords a citizen aggrieved by an unlawful search and seizure full means of redress. Through our procedure the evidence, if obtained by unlawful search and seizure, is suppressed when offered by the state.

"Whatever may be said about the preliminary step, whether by motion or petition, for the restoration of the thing seized, its purpose after all is, not to determine property rights, but to suppress illegally obtained evidence."

Also, in *State v. Bass,* supra, recognized the rule that, "though suppressed as evidence because unlawfully seized, contraband such as illicit stills, liquor, implements of crime, and stolen goods, will not be restored to the person from whom taken. *Haywood v. United States* (C.C.A.) 268 F. 795."

██ It is elementary that as a general rule an owner of property is not divested of his ownership by a larcenous taking and may follow and reclaim the stolen goods wherever he may find them. Title to personalty cannot be acquired by a thief. In the instant case the question of ownership is between the thief and the Petitioners. 42 Am.Jur. Theft of Personal Property as Affecting Owners Title and Civil Rights sec. 51 is only one authority of many in point. Thus, where property has been wrongfully seized, either without a search warrant or by virtue of an illegal warrant, the property should be restored to the owner on his application therefor. When there is a controversy between the person from whose possession the property was taken and the person from whom it is claimed that the property was stolen, as to which has the right to it, a question is presented which cannot be determined on a criminal process, but must be determined in a civil action. 47 Am.Jur. Searches and Seizures, sec. 48-49. Also see, 79 C.J.S. Searches and Seizures secs. 91-98, 112-114.

We can find no reason for making a distinction between contraband and stolen property in so far as the rights of the accused to possession thereof is concerned. The fact that the stolen property in the instant case is money, should make no difference, if from appropriate evidence, ownership of the money in possession of the Court can be determined.

■ The question before us is whether or not by the enactment of T.C.A. 40-519, the prevailing rule of law as stated above was changed so as to permit a thief to regain possession of stolen property—in this case money—illegally taken from him as contended by the Respondent? We hold that the State Legislature never intended such a result. It is clear that the Section in question deals with the proposition of suppressing as evidence, property obtained by unlawful search and seizure and provides the procedure therefor. It further provides that "if the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial" which we interpret to mean that if the motion is granted, the property shall be restored unless otherwise subject to lawful detention such as contraband and stolen property, and that it shall not be admissible in evidence at any hearing or trial except in a proceeding to establish or determine the true owner of the property where there are conflicting claims to ownership. We are unable to find any authority for holding otherwise and none has been cited to us by Respondent. Statutes on the same subject have been enacted in other states. The procedure provided in such Statutes for relief in cases of this kind differs, but the result is the same as that reached here.

■ Now the only question left for the Court to decide is whether or not ownership of the stolen property—money—has been established. As discussed elsewhere in this Opinion, the Trial Court made no finding of ownership but the Court of Appeals did find that the rightful owners of the money are the Petitioners. We find under the facts of this case material evidence in the record to support the finding of the Court of Appeals. We conclude

that if a Motion to suppress the evidence presented by the Petitioners on which their ownership rights were predicated had been made in the trial of this civil action, it would have been improper under our interpretation of T.C.A. 40-519; however, no objection was raised by Respondent. No good purpose would be served by remanding this case to the Trial Court for a finding of fact on the question of ownership.

Our interpretation of T.C.A. 40-519 and our finding of fact makes it unnecessary for us to determine the other questions presented to us in this cause. Whether or not Mullins, after conviction on a written plea of guilty in the criminal case is a ''person aggrieved by an unlawful search and seizure * * *'' as contemplated by T.C.A. 40-519 so as to enable him to ''suppress the evidence'' obtained by his criminal act under the facts of the instant case is no longer relevant to our decision. However, the rule has long been firmly established and settled that a plea of guilty understandingly and voluntarily entered into on the advice of counsel constitutes an admission of all facts alleged and a waiver of all non-jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceedings.

This Opinion is not intended to affect the long established practice of our Courts in returning property in the possession of said Court to a Defendant in a criminal case where he is the undisputed owner and the property is not subject to lawful detention, and in turning stolen property over to the rightful owner in cases where there are no conflicting claimants to ownership.

We find that the Trial Court and the Court of Appeals are in error and judgment is reversed. An Order shall be

entered in this Court directing the Clerk of the Circuit Court of Hardeman County, Tennessee, to pay out of the funds in his hands all of the Court Costs and return the balance of $4,171.00 so held to Dr. W. E. Lawrence and B & B Loan Company, taking their proper receipt therefor.

DYER, CHIEF JUSTICE, CRESON and McCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.