IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 22, 2005

## DWIGHT K. PRITCHARD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 3612    Cheryl Blackburn, Judge**

**No. M2005-00594-CCA-R3-HC - Filed December 16, 2005**

Hayes, David G., Judge, dissenting.

The Petitioner, apparently aggrieved that his sentences were too lenient, now seeks to correct the error by the remedy of habeas corpus.  Because the error complained of is non-jurisdictional, I would affirm dismissal of the petition.

The trial court's review of a writ for habeas corpus relief is guided by consideration of the following fundamental principles:

> **The writ of habeas corpus reaches <u>jurisdictional error only</u>.  The writ does not lie to correct mere errors and irregularities committed by a court that is acting within its jurisdiction.**  *State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979) (emphasis added).

> **A petition for habeas corpus relief may only be granted when the judgment is shown to be void rather than merely voidable**. *State v. Taylor*, 995 S.W.2d 78, 83 (Tenn. 1999).

> **Since only a void judgment may be attacked by the remedy of habeas corpus, the question presented <u>is always one of jurisdiction</u>**. *Anglin*, 575 S.W.2d at 287 (emphasis added).

> **A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was <u>without jurisdiction or authority</u> to sentence the defendant or that the defendant's sentence has expired**. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (emphasis added).

It is uncontested that the trial court, which imposed the challenged sentences, had both subject matter jurisdiction over the indicted offenses and jurisdiction over the person, the Petitioner. The instant claim is predicated upon the jurisdictional issue that the sentencing court was without authority to impose concurrent sentences.  "'Jurisdiction' in the sense here used, is not limited to

jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned." *Anglin*, 575 S.W.2d at 287.

The Petitioner's challenged sentences in this case stem from a guilty plea pursuant to the terms of a negotiated plea agreement.

> The rule has long been firmly established and settled that a plea of guilty, understandingly and voluntarily entered on the advice of counsel, constitutes an admission of all facts alleged and a waiver of all non-jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding.

*Lawrence v. Mullins*, 449 S.W.2d 224, 229 (Tenn. 1969); *State ex rel. Edmonson v. Henderson*, 421 S.W.2d 635 (Tenn. 1967); *Reed v. Henderson*, 385 F.2d 995 (6th Cir. 1967).

It remains, however, that a sentence imposed in direct contravention of a statute, *i.e.*, "without jurisdiction or authority" to act, is illegal and, thus, void. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). This is so because, while a constitutional or procedural defect is waivable by the defendant, the defendant may not, however, waive a jurisdictional defect because the defendant is without authority to confer jurisdiction upon the court where none exists. Thus, as manifested by *Anglin* and *Archer*, jurisdiction is the cornerstone of any habe claim. As recognized in *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000), a plea-bargained sentencing departure in express contradiction of our sentencing law is non-jurisdictional and does not void the sentence. *See also Hicks v. State*, 945 S.W.2d 706, 707 (Tenn. 1997) (guilty plea waives irregularity as to offender classification or release eligibility). It follows that if statutorily imposed sentencing classifications and release eligibility criterion are non-jurisdictional and are subject to waiver, a rule of procedure permitting the imposition of consecutive sentences may equally be waived upon entry of a voluntary and knowing guilty plea. The result here is that the Petitioner's pleas of guilty, although sufficient to permit waiver of all constitutional infirmities, are somehow insufficient to permit waiver of a procedural rule even though the Petitioner received the clear benefit of the plea bargain. Ignoring the fact that the Petitioner in this case expressly waived all procedural claims by his pleas of guilty, any sentencing error implicated, at best, is an error in the jurisdictional exercise of the trial court's sentencing authority, as opposed to a sentence where the sentencing court was without jurisdiction or authority to act. *See State ex rel. Holbrook v. Bomar*, 364 S.W.2d 887 (Tenn. 1963). As such, the Petitioner's sentencing issue presents a voidable, as opposed to a void issue, which is not cognizable in a habeas corpus proceeding. The voidable nature of the Petitioner's sentence, if not waived, could have been remedied by a post-conviction challenge. Obviously, the Petitioner chose to ignore the remedy, as it would have resulted in an increased sentence of thirty-two years. The consequence of the seven-year delay is that the Petitioner is now barred from any attack of his sentences.

Finding no issue for remand, I would affirm the judgment of the trial court's order of dismissal.

_____
David G. Hayes, Judge