IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 29, 2006

**JOHNNY McGOWAN v. RICKY J. BELL, WARDEN**

**Appeal from the Circuit Court for Davidson County**
**No. 00C-3729    Thomas W. Brothers, Judge**

**No. M2006-00149-CCA-R3-HC - Filed December 21, 2006**

Hayes, David G., Judge, separate concurring.

I join in the result, but write separately for the following reasons.

This appeal represents a steady stream of cases before this court in which an inmate seeks total liberty from his penitentiary confinement based upon a sentence stemming from a guilty plea entered under the terms of a negotiated plea agreement, which was imposed ten to twenty years ago.

The thirteen sentences challenged in this case, by means of the habeas corpus petition, stem from the petitioner's guilty pleas which were entered in 1993 and 1994.

In conducting a review of the writ for habeas corpus relief, the trial court is guided by consideration of the following fundamental principles:

> **The writ of habeas corpus reaches <u>jurisdictional error only</u>. The writ does not lie to correct mere errors and irregularities committed by a court that is acting within its jurisdiction.** *State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979) (emphasis added).

> **A petition for habeas corpus relief may only be granted when the judgment is shown to be void rather than merely voidable**. *State v. Taylor*, 995 S.W.2d 78, 83 (Tenn. 1999).

> **Since only a void judgment may be attacked by the remedy of habeas corpus, the question presented <u>is always one of jurisdiction</u>**. *Anglin*, 575 S.W.2d at 287 (emphasis added).

> **A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was <u>without jurisdiction or authority</u> to sentence the defendant or that the defendant's sentence has expired**. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (emphasis added).

It is uncontested that the trial court, which imposed the challenged sentences in this case, had both subject matter jurisdiction over the indicted offenses and jurisdiction over the person, the petitioner. The instant claim is predicated upon the jurisdictional issue that the sentencing court was without authority to impose concurrent sentences. "'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned." *Anglin*, 575 S.W.2d at 287.

> The rule has long been firmly established and settled that a plea of guilty, understandingly and voluntarily entered on the advice of counsel, constitutes an admission of all facts alleged and a waiver of all non-jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding.

*Lawrence v. Mullins*, 449 S.W.2d 224, 229 (Tenn. 1969); *State ex rel. Edmonson v. Henderson*, 421 S.W.2d 635 (Tenn. 1967); *Reed v. Henderson*, 385 F.2d 995 (6th Cir. 1967).

It remains, however, that a sentence imposed in direct contravention of a statute, *i.e.*, "without jurisdiction or authority" to act, is illegal and, thus, void. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). This is so because, while a constitutional or procedural defect is waivable by the defendant who is being sentenced, the defendant may not, however, waive a jurisdictional defect because the defendant is without authority to confer jurisdiction upon the court where none exists. Thus, as manifested by *Anglin* and *Archer*, jurisdiction is the cornerstone of any habeas corpus claim. As recognized in *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000), a plea-bargained sentencing departure in express contradiction of our sentencing law is non-jurisdictional and does not void the sentence. *See also Hicks v. State*, 945 S.W.2d 706, 707 (Tenn. 1997) (guilty plea waives irregularity as to offender classification or release eligibility). It follows that if statutorily imposed sentencing classifications and release eligibility criterion are non-jurisdictional and are subject to waiver, a rule of procedure permitting the imposition of consecutive sentences may equally be waived upon entry of a voluntary and knowing guilty plea. The result here is that the petitioner's pleas of guilty, although sufficient to permit waiver of all constitutional infirmities, are somehow insufficient to permit waiver of a procedural rule even though the petitioner received the clear benefit of the plea bargain. Ignoring the fact that the petitioner in this case expressly waived all procedural claims by his pleas of guilty, any sentencing error implicated, at best, is an error in the jurisdictional exercise of the trial court's sentencing authority, as opposed to a sentence where the sentencing court was without jurisdiction or authority to act. *See State ex rel. Holbrook v. Bomar*, 364 S.W.2d 887 (Tenn. 1963). As such, the petitioner's sentencing issue presents a voidable, as opposed to a void issue, which is not cognizable in a habeas corpus proceeding. The voidable nature of the petitioner's sentence, if not waived, could have been remedied by a post-conviction challenge. Obviously, the petitioner chose to ignore the remedy, as it would have resulted in an increased sentence of thirty-three years. The consequence of the thirteen-year delay is that the petitioner is now barred from any attack of his sentences.

Because the error challenged is non-jurisdictional, I would affirm dismissal of all of the petitioner's claims.

_____
David G. Hayes, Judge