IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 26, 2010

## MIKE SETTLE v. DAVID MILLS, WARDEN

**Direct Appeal from the Criminal Court for Morgan County**
**No. 2010-CR-51      E. Eugene Eblen, Judge**

_____

**No. E2010-00945-CCA-R3-HC - Filed December 17, 2010**

_____

The *pro se* petitioner, Mike Settle, appeals the summary dismissal of his petition for writ of habeas corpus relief. On appeal, he argues that he received ineffective assistance of counsel and that his sentences were imposed in violation of the Interstate Compact on Detainers. After careful review, we affirm the summary dismissal of the petition for writ of habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Mike Settle, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; and Russell Johnson, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner contends, on appeal, that his convictions from the Madison County Circuit Court on January 5, 2001, for especially aggravated kidnapping, felony escape, aggravated robbery, and two counts of aggravated assault should be overturned because he was not tried within one hundred-eighty days. The petitioner was serving a sentence when he was charged with the underlying offenses after assaulting and escaping from a corrections officer, taking a hostage, and leading police on a high-speed chase. While the underlying offenses were pending in Madison County, the petitioner was moved from state custody to federal custody so he could be prosecuted on a federal charge. The petitioner's return to state custody was delayed, but the record reflects that he entered guilty pleas to the Madison County charges within one hundred-eighty days of his return to state custody.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated section 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a petitioner; or (2) a petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

On appeal, the petitioner contends that his judgments from Madison County are void because he received ineffective assistance of counsel. However, it is well settled that this issue is not a proper basis for habeas corpus relief. *Lutrell v. State*, 644 S.W.2d 408, 409-10 (Tenn. Crim. App. 1982).

Next, the petitioner argues that his judgments should be overturned based on the anti-shuttling provision of the Interstate Compact on Detainers. Tennessee Code Annotated section 40-31-101 codifies the Interstate Compact on Detainers. The purpose of the compact is to ensure the "expeditious and orderly disposition" of charges pending against a prisoner in multiple jurisdictions. T.C.A. § 40-31-101, Article I. Pursuant to the Compact, if the prisoner has made a request for a final disposition of the pending indictment, he should be tried within one hundred-eighty days after his delivery to the appropriate court where charges are pending.

The State argues that, when the petitioner entered his plea, he waived any claim of a void judgment pursuant to the Interstate Compact on Detainers. This court has previously concluded that a violation of the Interstate Compact on Detainers was waived by the petitioner's guilty plea. The general rule has long been firmly established that a plea of guilty, understandingly and voluntarily entered on the advice of counsel, constitutes an admission of all facts alleged and a waiver of all non-jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding. *Terrance Lowdermilk v. State*, No. E2007-00872-CCA-R3-HC, 2008 Tenn. Crim. App. LEXIS 14, **8-9 (Tenn. Crim. App. Jan. 10, 2008) (citing *Lawrence v. Mullins*, 224 Tenn. 9, 449 S.W.2d 224, 229 (Tenn. 1969)). Therefore, the petitioner is not entitled to relief on this issue.

The record is clear that the petitioner was charged with the Madison County crimes in 1999, and that they did not reach a final disposition until 2001. However, the record does not reflect that the petitioner requested a final disposition of the charges that was ignored. The record does reflect that the State filed a motion on June 14, 2000, to return the petitioner for disposition of the charges. The docket entries from Madison County included in the record reflect that the petitioner was still in federal custody on August 22, 2000. He was

returned for disposition sometime after August 22, 2000, and his cases were disposed with his entry of guilty pleas on January 12, 2001, less than one hundred-eighty days after he was returned to the custody of the court.

Conclusion

Based on the foregoing and the record as a whole, we affirm the summary dismissal from the habeas corpus court.

_____
JOHN EVERETT WILLIAMS, JUDGE