IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 13, 2022

## CHARLES EDWARD MERIWEATHER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**Nos. 2005-C-1868, 2005-B-713   Jennifer Smith, Judge**
_____

### No. M2021-00990-CCA-R3-HC
_____

Petitioner, Charles Edward Meriweather, appeals the denial of his petition for writ of habeas corpus. Petitioner argues that his judgments of conviction are void because the trial court was without jurisdiction to accept his 2011 guilty pleas. Following a thorough review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and KYLE A. HIXSON, JJ., joined.

Nathan Cate, Nashville, Tennessee, for the appellant, Charles Edward Meriweather.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Doug Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

In 2006, Petitioner pled guilty to sale of a Schedule II controlled substance greater than 0.5 grams in Davidson County Criminal Case No. 2005-B-713 and to possession of a Schedule II controlled substance over 0.5 grams with intent to sell or deliver in Davidson County Criminal Case No. 2005-C-1868. *Charles Edward Meriweather v. State*, No. M2008-02329-CCA-R3-PC, 2010 WL 27947, at *1 (Tenn. Crim. App. Jan. 7, 2010). Pursuant to a plea agreement, the trial court sentenced Petitioner, as a Range II multiple offender, to twelve years for each offense "with one year to serve at 100 percent in the

Department of Correction, followed by five years of supervised probation." *Id.* The court ordered the sentences to be served consecutively, "for a total of two years to serve at 100 percent in the Department of Correction, followed by a term of ten years of supervised probation." *Id.*

Petitioner subsequently filed a petition for post-conviction relief, arguing that he received ineffective assistance of counsel and that his guilty pleas were unknowing and involuntarily entered due to trial counsel's failure to inform him that the sentences in his plea bargain agreement were illegal. *Id.* The post-conviction court denied relief; however, on appeal in January 2010, this court reversed and remanded to allow Petitioner to withdraw his guilty pleas. *Id.* at *3.

On remand, Petitioner again pled guilty in Case Nos. 2005-B-713 and 2005-C-1868 to two Class B felony drug offenses. *State v. Charles Meriweather*, No. M2019-01779-CCA-R3-CD, 2020 WL 4530690, at *1 (Tenn. Crim. App. Aug. 6, 2020). Pursuant to a negotiated plea agreement, the trial court sentenced Petitioner, as a Range II multiple offender, to consecutive twelve-year sentences. *Id.* The court ordered Petitioner to serve the effective twenty-four-year sentence on Community Corrections, and it ordered that Petitioner serve the sentence consecutively to a federal sentence. *Id.* The judgments in each case were entered on March 4, 2011. *Id.*

In March 2018, the Tennessee Board of Probation and Parole obtained a violation warrant based on an affidavit alleging that Petitioner violated the conditions of his probation. *Id.* Following a hearing, the trial court found that Petitioner had violated the terms of his probation, revoked probation, and ordered Petitioner to serve his sentence in confinement. *Id.* at *2. This court subsequently affirmed the trial court's revocation of Petitioner's probation. *Id.* at *4.

On May 6, 2021, Petitioner filed a Petition for Writ of Habeas Corpus, alleging that he was entitled to habeas corpus relief because his judgments of conviction were void. Petitioner asserted that he was in federal custody in January 2010 when this court reversed and remanded Petitioner's case to allow him to withdraw his guilty pleas. He asserted that, on June 29, 2010, the Federal Bureau of Prisons sent notice to the State that Petitioner had issued a request for disposition in accordance with the Interstate Agreement on Detainers ("IAD") and that, on February 11, 2011, Petitioner filed a motion to dismiss the indictments in Case Nos. 2005-B-713 and 2005-C-1868 based on a violation of the IAD. Petitioner further asserted that, on March 4, 2011, the trial court struck the motion to dismiss and allowed Petitioner to withdraw his original guilty pleas and enter new guilty pleas. Petitioner argued that because the trial court failed to dispose of his case within 180 days of the request by the Federal Bureau of Prisons under the IAD, the trial court was without

jurisdiction to adjudicate Petitioner's 2011 guilty pleas, thus rendering his judgments of conviction void.

The habeas corpus court summarily denied relief in a written order. The habeas corpus court found that any alleged violation of the IAD was waived by Petitioner's guilty plea. This timely appeal follows.

<u>**Analysis**</u>

Petitioner contends that the habeas corpus court erred in denying relief, arguing that his judgments of conviction are void because the trial court was without jurisdiction to accept his 2011 guilty pleas due to a violation of the IAD. The State responds that the summary denial of the petition was proper because Petitioner's judgments of conviction are valid and because Petitioner's claim that his guilty pleas were accepted despite a violation of the IAD, "even if true, does not warrant habeas corpus relief because the error would not render his judgments void."

Habeas corpus relief may only be granted in limited circumstances. *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008). Unlike petitions for post-conviction relief, "the purpose of the habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsome v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968)).

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (1868)). A petitioner bears the burden of establishing by a preponderance of the evidence that a judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus petition may be summarily dismissed without a hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109). A sentence imposed in direct contravention of a statute is illegal and void. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). "Whether habeas corpus relief should be granted is a question of law[,]" which we review de novo. *Edwards*, 269 S.W.3d at 919.

Here, any alleged violation of the IAD[1] did not deprive the trial court of jurisdiction to accept Petitioner's 2011 guilty pleas.  As noted by the State, both this court and federal courts have held that a violation of the IAD may be waived by entry of a guilty plea.  *See Mike Settle v. David Mills, Warden*, No. E2010-00945-CCA-R3-HC, 2010 WL 5276980, at \*1 (Tenn. Crim. App. Dec. 17, 2010) (stating that "[t]his court has previously concluded that a violation of the Interstate Compact on Detainers was waived by the petitioner's guilty plea"), *perm. app. denied* (Tenn. Mar. 9, 2011); *Terrance Lowdermilk v. State*, No. E2007-00872-CCA-R3-HC, 2008 WL 104156, at \*3 (Tenn. Crim. App. Jan. 10, 2008) (citing *Lawrence v. Mullins*, 449 S.W.2d 224, 229 (Tenn. 1969)), *perm. app. denied* (Tenn. May 27, 2008); *see also New York v. Hill*, 528 U.S. 110, 114-15 (2000) (holding that defense counsel may waive enforcement of the IAD's 180-day time-period by agreeing to disposition beyond it); *Kowalak v. United States*, 645 F.2d 534, 536-37 (6th Cir. 1981) (concluding that entry of a guilty plea operates as a waiver of the right to raise alleged violations of the IAD).

As found by the habeas corpus court, Petitioner waived any alleged violation of the IAD by his 2011 guilty pleas.  He was not entitled to habeas corpus relief on this basis, and the habeas corpus court properly denied relief.

## Conclusion

For the reasons set forth above, we affirm the judgment of the habeas corpus court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

---

[1] The IAD provides, in part, as follows:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, the person shall be brought to trial within one hundred eighty days after having caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction, written notice of the place of the person's imprisonment and request for a final disposition to be made of the indictment, information or complaint; provided, that for good cause shown in open court, the prisoner or the prisoner's counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Tenn. Code Ann. § 40-31-101, art. III(a).